CARR vs. THE CITY OF ST. LOUIS.

1. The by-laws of a corporation must not be repugnant to its charter.

2. The charter of the city of St. Louis establishes the office of Recorder, and fixes his fees, and the corporation can pass no by-law reducing his fees, or depriving him of them in any case in which, by the charter, he would be entitled to receive them.

3. A provision in the charter, by which the corporation is empowered to fix the compensation of its officers, does not necessarily carry with it the power to take away fees allowed by the charter.

**ERROR** to St. Louis Court of Common Pleas.

SCOTT, J., delivered the opinion of the court.

This was an action of assumpsit brought by Carr, against the city of St. Louis, for fees due him as Recorder of the said city. The fees accrued in suits brought by the city of St. Louis against sundry defendants, in which suits the city of St. Louis recovered judgments against the defendants, which proved unavailing, in consequence of their insolvency and from other causes.

The fees claimed are those which are due for services rendered at the instance of the city in the prosecutions of the said suits.

There was an ordinance of the city in force at the time these services were rendered, weich declared that in cases like those in which the fees are claimed, the city should not be liable for any costs.

An act amending the charter of the city of St. Louis, and creating the office of Recorder, in force during the time the services were performed, declares that there shall be a Recorder, who shall have jurisdiction throughout the corporate limits of the city, and shall be a conservator of the peace, and shall have all the powers and jurisdiction now vested in justices of the peace, and who shall receive the same fees for the like services. Acts 1841, page 136, sec. 22.

A previous portion of said act gives to the city council authority to fix the compensation of all city officers. Acts 1841, page 133, sec. 1.

The question is, whether under the foregoing statement of facts, Carr, the Recorder, is entitled to recover for the services for which the suit is brought?

It is a well settled principle of law, that the by-laws of a corporation must not be repugnant to its charter; the charter creates an artificial being, defines its powers, designates the purposes of its institution, and points out its mode of action. It is the fundamental law of the corporation, and is as a constitution to the body acting under and by it. Hence all by-laws in contravention of it are void. Was the act of the city council, denying fees to the Recorder in particular cases, inconsistent with its charter? The act creating the office of Recorder gave him the powers and jurisdiction of a justice of the peace, and the same fees for like services. It appears from the agreed case that the services were rendered for the city in suits brought by her. It will not be pretended that if similar services had been rendered for an individual, he would not have been compelled to pay fees therefor. The party to a suit at whose instance a service is rendered for which a fee is allowed, is liable to the officer for the fee, and the fact of his being permitted, in the event of a judgment in his favor, to recover back the fees expended, does not affect his liability; he is liable to the officer for them, although they may never be recovered, and although the practice is to wait for

Carr vs. The City of St. Louis.

payment until they are recovered on execution, if the unsuccessful party is not insolvent.

The services for which justices may claim fees are enumerated by statute, and although it does not prescribe that corporations shall be liable therefor, yet when a statute speaks of "persons," "individuals," or "parties," corporations are included. The people vs. the Utica Insurance Company, 15 J. R. 358. Indeed the principle of the common law has been engrafted on our code, which declares that when any subject matter, party or person, is described or referred to by words importing the singular number or the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, shall be deemed to be included. Rev. Code, 383, sec. 26. If then the liability of a corporation is the same as that of an iudividual, it can no more than an individual throw off or relieve itself from the obligation to pay fees for services rendered.

It was competent for the legislature to enable the corporation to do this, and such a power might have been vested in the city authorities; and it may be said that it was done in that provision which empowered the city council to fix the compensation of all city officers. We do not think that the power to fix the salaries of the officers would necessarily carry with it a right to take away, or affect fees allowed by the charter to an officer created by it. We cannot perceive the wisdom of the legislature, which' in enacting the fundamental law of a corporation, would insert a provision which the corporation itself might at any moment render nugatory. For if the city council had the power to take away the fees under one combination of circumstances, it might under and, and thus, in effect, repeal its own charter.

Judgment reversed and cause remanded.