THE STATE ex rel. SPURLOCK v. HOLLADAY, State Auditor.

**The State's Liability for Criminal Costs.** Under ? 4, p. 349, Wag. Stat., the State is liable for costs, upon the acquittal of a defendant, only in a capital case, or in one in which imprisonment in the penitentiary is the sole punishment. It is not liable upon the failure of a prosecution for assault with intent to kill for costs incurred at the instance of the State, prior to the date of a continuance granted to the defendant at his cost, although an execution issued against him has been returned *nulla bona*.

*Mandamus.*

*C. T. Garner & Son* for relator.

1. The State is liable for costs made in her own behalf, in cases in which she is a party, and where the defendant is wholly insolvent. The same rules apply in criminal, as in civil cases. 2 Wag. Stat., p. 1104, §§ 16, 17, 18.

*Thomas Holladay pro se.*

1. The State is not liable for costs in a case where there has been a continuance at the cost of the defendant, and judgment has been rendered against him therefor. 2 Wag. Stat., p. 1104, § 18; p. 1039, § 6; p. 1339, § 47; *State v. Brigham*, 63 Mo. 258.

The State ex rel. Spurlock v. Holladay.

SHERWOOD, C. J.—One James Baily was indicted in Ray circuit court for an assault with intent to kill. Pending the prosecution, he took a continuance at his cost, and judgment therefor was rendered against him. Ultimately, a *nolle prosequi* was entered, execution on the judgment for costs was issued and returned *nulla bona*. Thereafter the clerk made out a fee bill for costs, wherein the sum of $28.40 was charged against the State for costs, which, at its instance, had accrued at the time of the continuance. The cost-bill was approved by the judge and prosecuting attorney, but upon presentation to the State Auditor, he refused to audit the amount of costs which had thus accrued at the instance of the State, on the ground that the State was not liable therefor; and this is the only question presented.

Our statute provides that, "in all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the State; and in all other trials on indictments, if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found, unless in those in which the prosecutor is adjudged to pay them," (1 Wag. Stat., p. 349, § 4). And no change has occurred in this section, (Meyer's Supplement, p. 101, § 4). The defendant, had he been convicted, might have been punished either by imprisonment in the penitentiary, or by imprisonment in the county jail, or by both fine and imprisonment in the jail, or by fine alone. (1 Wag. Stat., pp. 449, 450, § 32.) As imprisonment in the penitentiary was not the "*sole punishment*" for the offense with which Baily was charged, it follows that the State was not liable for the costs; that the Auditor was right in refusing to audit the cost-bill, and we deny the peremptory writ. All concur.

WRIT DENIED.