BOUCHER v. THE CITY OF MOBERLY, *Appellant*.

<div style="float:right">74  113<br>d88a 109<br>74  113<br>e95a  457</div>

**Moberly City Recorder's Fees.** By an ordinance of the city of Moberly it was provided that the fees of the city recorder should be paid by the city only in cases in which they were adjudged against the defendant and paid by him in money or other current funds. *Held*, that the recorder had no claim against the city for his fees in cases where the defendants had worked out their fines and costs on the streets of the city.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

REVERSED.

*W. J. Hollis* for appellant.

*Martin & Priest* for respondent.

RAY, J.—The plaintiff was elected recorder of the city of Moberly on the 10th day of April, 1877. At the expiration of his term (one year) he brought this suit against the city on an itemized account, giving the names of parties whom he had convicted in his court, and who were unable to pay costs, and charging the city with $1 costs in each case. Plaintiff obtained judgment before a justice of the peace for $47. Defendant appealed to the Moberly court of common pleas, where judgment was again rendered for plaintiff. Defendant filed its motion in arrest, motion for a new trial, affidavit and bond in appeal, etc. These motions were overruled and an appeal was granted. Defendant complains of the ruling of the court in refusing the declarations of law asked on its part, and rendering judg-

S 74

ment for plaintiff on the agreed statement of facts and the evidence offered.

The following is the agreed statement : " It is agreed that plaintiff was recorder of the city of Moberly, at the dates of the items in the account, and that the parties named in the account were convicted in the recorder's court, and that they worked out their fines and costs on the streets of the city. It is admitted by plaintiff that the ordinance governing fees of the recorder in which he was to have no costs in cases where there was a failure to collect the same from the defendant in money or other current funds, was legally passed and published in accordance with the charter of defendant before plaintiff was elected recorder, and had not been repealed while his term of office lasted. It is also admitted on the part of defendant that the amounts in the account are the same as allowed by the ordinance to the recorder when allowed his fees."

Upon the trial of the cause, before said court of common pleas, the following ordinances of said city of Moberly were offered and read in evidence, in addition to the above agreed statement, to-wit:   Section 45.   "All fees and costs due any city officers, or other persons, on account of proceedings in the recorder's court, shall be paid by the city. All fees, costs and fines collected from parties adjudged to pay the same on account of proceedings in the recorder's court, shall be paid into the city treasury." This ordinance was approved May 1st, 1873. Section 5. " The city recorder shall be allowed fees for his services, as follows : For administering every oath, five cents ; for issuing every subpœna, thirty-five cents ; for issuing every warrant, twenty-five cents ;     *     *     for issuing an attachment for a witness, thirty-five cents—except that if the sum total of all his fees in any case does not amount to the sum of $1, he shall in such case be allowed $1 ; all of said fees to be taxed as other costs in each case, and to be paid only when adjudged against, and paid by the defendant in money or other current funds, and in no case whether costs are ad-

Boucher v. The City of Moberly.

judged against the defendant or against the city, shall the city be liable for or pay such fees or costs to the city recorder. Section 2. All ordinances, or parts of ordinances, inconsistent with this ordinance, are hereoy repealed. Section 3. This ordinance is to take effect and be in force from and after the 1st day of April, 1877." Approved this 6th day of March, 1877. Other ordinances and documents were read in evidence upon the trial, but they are not material to the proper disposition of the case.

At the close of the testimony the defendant asked the court to give the following declarations of law, to-wit: 1st. Under the agreed statement of facts in evidence, and the provisions of the charter of the city of Moberly, and the ordinance mentioned in said agreed statement of facts, plaintiff is not entitled to recover, and the verdict must be for defendant. 2nd. From the agreed statement of facts in this cause, and under the charter and orainances of the city of Moberly, the plaintiff is not entitled to recover. Which declarations of law the court refused to give, and the defendant duly excepted, and brings the case here by appeal.

The sole question presented by this record for our consideration is, whether the court did right in refusing said declarations of law and in rendering said judgment for the plaintiff on the agreed statement of facts and the ordinances offered in evidence.

We think said declarations should have been given. Before plaintiff, under section 45 of said ordinance, could legally call upon the city for the payment of costs and fees claimed by him, he must show that they were due. Giving effect to section 5 of said ordinance, it is clear that before the fee of $1 in each case could be due plaintiff, he must show that the fine and costs adjudged against the parties in each case had been paid by the defendants into the city treasury, in money or other current funds. This, according to the agreed statement of facts, has not been done. On the contrary, it is expressly stated that they have

worked out their fines and costs on the streets of the city. It, therefore, follows necessarily that nothing was due him. This was the express provision of the 5th section of the ordinance of said city, when he was elected and accepted the office of recorder of said city. That section specified the fees and costs to which the recorder should be entitled; but also provided that they should be paid only when adjudged against and paid by the defendant in money or other current funds; and that in no case should the city be liable for or pay such fees or costs to the city recorder, whether the same were adjudged against the defendants or against the city. The plaintiff was not bound to accept said office, but having accepted it, he was bound to know the law touching his fees and costs, and the terms and conditions upon which they were payable, and must abide the result. The only theory, as we imagine, upon which the judgment in this cause could have been rendered, is the fact that as the parties defendant, against whom the recorder had rendered judgment for fines, fees and costs, had worked out the amount of such fees and costs by labor upon the streets of said city, the city thereby got the benefit of the same, and ought, therefore, to account to the plaintiff therefor.

This precise question has been expressly decided adversely to the claim of the plaintiff in the case of *Gibson v. Zanesville*, 31 Ohio St. 184. The syllabus of that case is as follows: " In an action brought against a city, by its mayor, to recover the costs taxed by him, in his own favor, in certain cases, against persons charged with violating the ordinance of the city, in which cases, such persons were fined, and in default of payment were sentenced to hard labor in the city prison, until such labor, at a stipulated rate, would amount to a sum equal to the fine and costs in such cases, and the persons were put to work in the city prison, and performed the required labor for the benefit of the city. *Held*, that this did not constitute a collection and appropriation by the city of the costs taxed in favor

of the mayor in such cases, from which the law will imply a promise on the part of the city to pay the amount of such costs to the mayor." That case is in point and is decisive of this. To the same effect, also, is the case of *City of Decatur v. Wm. Vermilion*, 77 Ill. 315.

Besides that, if it should be held that the two sections of the ordinances of said city above quoted are inconsistent with each other, the latter must prevail for two reasons. The first is general, the second is special; the one is the elder and the other the later enactment. It follows, therefore, that the court erred in refusing said declarations of law and in rendering said judgment. For these reasons the judgment is reversed. All the judges concur.