P. F. LONERGAN, Appellant, v. CITY OF LOUISIANA, Respondent.

| 83 | 101 |
| d95 | ¹457 |

St. Louis Court of Appeals, January 30, 1900.

1. Fees: CITY COUNCIL: ORDINANCE OF CITY COUNCIL: JUSTICE OF THE PEACE: POWER OF CITY COUNCIL: RECORDER. It is not within the power of a city council to adopt a schedule of fees for the recorder, which for like services differ in any respect from the schedule of fees allowed to justices of the peace for like service under the general statutes and amendments thereto.

2. ———: ———. For the same reason it is not within the power of a city council, by ordinance or by the failure to pass any ordinance to provide for the collection of such fees, to defeat their collection.

3. ———: ———: PRACTICE, TRIAL: PLEADING: ACTION. The action to recover a money judgment for fees alleged to be due from a city is the appropriate remedy.

Appeal from the Louisiana Court of Common Pleas.—*Hon. David H. Eby*, Judge.

REVERSED AND REMANDED (*with instructions*).

*Robt. A. May* for appellant.

(1) It is a well-grounded principle of law that the party to a suit at whose instance a service is rendered for which a fee is allowed is liable to the officer for the fee, and the fact of his being permitted, in the event of a judgment in his favor, to recover back the fees expended, does not affect his liability; he is liable to the officer for them though they may never be recovered from the unsuccessful party.   Carr v. City, 9 Mo. 192. (2) Fees are compensation or remuneration for particular acts or services rendered by public officers in the line of their duties, to be paid by the parties, whether persons or municipalities, obtaining the benefit of the acts, or receiving the services, or at whose instance these were performed.   Musser v. Good, 11 S. and R. (Pa.) 247; Tillman v. Wood, 58 Ala. 578.

*Thomas A. Anderson* for respondent.

(1) The rendition of services by a public officer is to be deemed gratuitous unless compensation is provided by statute or ordinances, when the officer is confined to the mode, manner and amount prescribed by the statute or ordinances and is entitled to no other or further compensation or to any different mode of securing same. State ex rel. v. McCracken, 60 Mo. App. 657. (2) A recorder has no claim against a city for his fees in cases where defendants work out their fine and costs on the streets of the city.   Boucher v. Moberly, 74

Mo. 116; Gibson v. Zanesville, 31 Ohio St. 184; City of Decatur v. Vermillion, 77 Ill. 315.

BLAND, P. J.—This suit is on an itemized account for fees due appellant as recorder of the city of Louisiana, and was submitted to the court, sitting as a jury, on the following agreed statement of facts:

"It is agreed that defendant is a municipal corporation, situate in Buffalo township, Pike county, Missouri, organized and existing under and by virtue of the laws of Missouri. It is agreed that plaintiff was mayor and ex-officio and acting recorder of the city of Louisiana, Missouri, at the dates of the items in the account filed with his petition. That the fees accrued in suits brought by the city of Louisiana on the instigation of complaints against sundry defendants for the violation of certain ordinances in which said city recovered judgments which proved unavailing in consequence of their insolvency and other causes, and also in some cases in which defendants were acquitted or complaints against said defendants were dismissed by the city aforesaid. The fees claimed by the plaintiff are for services rendered by the plaintiff as acting recorder of the defendant, at the instance of defendant in the prosecution of said suits. That said plaintiff as acting recorder charged in all the cases set out in his itemized account filed with his petition in this cause, the same fees which were allowed to justices of the peace for services rendered in civil suits brought before him and in criminal cases at the times said services were rendered. That is to say, for administering each oath, for issuing each subpoena, each summons, each warrant, each execution (this is to be explained), each venire for a jury, for swearing jury, for entering judgment, for docketing and filing each case, for indexing each case, for entering continuance, etc., he charged the same fees for his services as were

at the times said services were rendered, allowed by statute to a justice of the peace for his services in performing said acts and issuing said papers, etc. It is also agreed that plaintiff was duly elected, qualified and commissioned as mayor and ex-officio recorder of said defendant city before said services were performed, and that he continued as such during all the time of performing said services. That he was at all of said times and still is a resident of Buffalo township, Louisiana, Missouri. It is further agreed that executions were issued against the several defendants convicted in said recorder's court. That the plaintiff in no instance issued nor had issued a fee bill against the defendant in this cause. That defendant has monthly meetings of its council at which bills are presented and some of which are paid. That plaintiff was present at each monthly meeting of said council."

The following sections of the charter of the city of Louisiana were read in evidence, to wit:

"Section I. Article IV. City Charter: The chief executive officer of the city shall be the mayor, who shall be elected by the qualified voters of the city and shall hold his office for the term of two years and until his successor is duly elected and qualified; provided that an election to fill a vacancy shall be only for the remainder of the term for which his predecessor was originally elected. He shall be ex-officio recorder, and when performing the duties of recorder receive the same fees."

"Section 16, Article IV: The mayor, or acting recorder shall have the same jurisdiction as justices of the peace, within the limits of the city, in all state cases, and he shall have jurisdiction over all cases originating under any ordinances of said city, subject, however, to an appeal in all cases to the circuit court of Pike county or the Louisiana Court of Common Pleas, and every such appeal shall be

taken and granted in the same manner as appeals are taken from and granted by justices of the peace to the circuit court under the general law of the state.   He shall charge, in all cases, the same fees which are now or may be allowed to justices of the peace for the same kind of services, and which shall be charged and collected as other costs.   He shall have power to administer oaths and affirmations."

"Section 33.   Amendments to City Charter.   The city council shall have power within the city by ordinance to fix the compensation of the city officers and regulate the fees of all jurors, witnesses and others for services rendered under this act or any ordinance."

The following ordinances of said city were also read in evidence, to wit:

"Section 1.   Article IV, Chapter V.   City Ordinances: The mayor shall receive the sum of twenty-five dollars per month; also for taking and certifying the acknowledgment of deeds and conveyances, and for affixing the city seal, the sum of fifty cents for each deed or conveyance, to be paid by the party for whose use the service is performed.   As acting recorder he shall receive the same fees as were allowed by law to justices of the peace for similar services."

"Section 4, Chapter XXVII.   The said court shall have jurisdiction of all suits for the recovery of any fine, forfeiture or penalty imposed for the violation or breach of any city ordinance, which said suits and proceedings therein shall be in the nature of a civil action."

"Section 33, Chapter XXVII.   Jurors shall be allowed, in each case, for their services, twenty-five cents each to be taxed as other costs in the case, and in case of conviction, to be paid on return of their verdict, out of the money deposited with the recorder for that purpose.   In case of the acquittal of defendant, the amount so deposited shall be refunded to him, and the jury fee taxed against the city."

"Section 50, Chapter XXVII. Witness shall be allowed fifty cents for each day's attendance before the recorder to be taxed against the losing party; but no witness shall claim for his attendance in more cases than one on the same day."

"Section 40, Chapter XXVII. In all cases of judgment being rendered against any person or persons for violation of ordinance, the defendant shall stand committed and not be discharged from the custody of the marshal until the fine or penalty imposed, and all costs of suit be fully paid; provided, nevertheless, that if any defendant shall enter into bond with good security for the payment of the fine and costs imposed, executed in favor of the city and payable at the end of the time the execution has to run, on the execution of such bond the defendant shall therefore be discharged from custody, provided, further, that should any fine or costs remain unpaid either in money or work for the period of sixty days from the day that execution for the same was placed in the marshal's hands, then the marshal and his bondsmen shall be held to make good to the city all such fines and costs, unless sickness, death, or bodily accident be the cause of such non-payment."

"Section 39, Chapter XXVII: Upon the return of the verdict the recorder shall enter up judgment in accordance therewith, and shall enter upon the margin of his docket the costs of suit, to whom and what account due, and if the judgment shall be against the defendant he shall issue an execution for the amount of judgment and costs."

"Section 41, Chapter XXVII. The recorder may, at his discretion, in issuing execution on any judgment, either to direct the defendant in default of payment, to be committed to the city calaboose, or he may direct that the defendant be required to work out the fine and costs under the direction of the city marshal and according to the requirements of this ordinance."

"Section 44, Chapter XXVII: The recorder and marshal in all matters pertaining to the duties of their respective offices, concerning which there is no specific provision by ordinance, shall be governed by the laws of the state regulating proceedings in justices' courts and the duties of justices of the peace and the constables so far as the same may be applicable."

"Executions in favor of the city for breaches of ordinances shall be made returnable in thirty days."

The court of its own motion gave the following declarations of law: "The court sitting as a jury, the same having been duly waived, declares the law to be that, defendant's charter provides that the recorder" shall charge in all cases the same fees which are now or may be allowed to justices of the peace for the same kind of services, and which shall be charged and collected as other costs. "The charter further provides that the city council shall have power within the city by ordinance * * * to make all ordinances not inconsistent with the laws of the state which shall be necessary and proper for carrying into effect the powers specified in this section and all other powers vested by this act in the corporation, the city government or any department thereof."

"Chapter XXVII of the defendant's ordinances introduced in evidence provided that in case of a conviction of a defendant in the recorder's court the recorder shall issue an execution for the amount of the judgment and costs. In the agreed statement of the facts filed by the parties herein it is admitted that a portion of the fees or costs for which plaintiff sues were taxed in cases wherein the city of Louisiana recovered judgment against the respective defendants in the recorder's court for violation of city ordinances. For these costs plaintiff can not recover in this action. The

plaintiff introduced no evidence showing what part of the costs sued for were in cases other than those in which the defendants in the recorder's court were convicted, and the plaintiff having failed to show in this action what part, if any, of the costs sued for were in cases wherein the defendants were acquitted and the costs adjudged against the city, the plaintiff is not entitled to recover in this action."

The court rendered judgment for the city, from which Lonergan duly appealed.

Because the charter does not expressly provide, and because the city council has by ordinance failed to provide, that in cases of conviction before the city recorder for a violation of a city ordinance, if the defendant is insolvent and unable to pay the costs, that the recorder's fees which accrued on the part of the city, shall be paid by the city, respondent insists that the city is not liable for such costs. Section 16 of the city charter confers on the city recorder the same general jurisdiction within the city limits as is possessed by justices of the peace, and exclusive original jurisdiction over all cases originating under any ordinance of the city, and the same fees, as are allowed to justices of the peace are allowed to the recorder for like services, to be collected as other costs. His authority to charge and collect fees is not limited by this section, to cases arising under the laws of the state and where he is exercising the jurisdiction of a justice, but extends also to cases arising under the ordinance of the city and where the services are rendered as recorder. It is therefore not within the power of the city council to adopt a schedule of fees for the recorder, which for like services differ in any respect from the schedule of fees allowed to justices of the peace for like services under the general statutes and amendments thereto. For the same reason it is not within the power of the city council, by ordinance or by the failure to pass any ordinance to provide for the collection of such fees, to defeat their collection. Sec-

tion 40, chapter 27, of the ordinances provides for the issuance of an execution against the defendant, and that he shall stand committed until the fine and costs are paid or worked out, before the defendant can be discharged, provided he may give bond for fine and costs and be discharged. But there is no provision in the ordinance for the payment of the recorder's fees in such a case. That the city under the agreed statement of facts is liable for the fees embraced in the account sued on, seems to me to be too plain for argument. Had the fees accrued in a suit before a justice of the peace for similar services and the actions resulted as did these actions before the recorder, the plaintiff in the actions would have been liable for the costs, in case of judgments for the plaintiff, for the costs made by the plaintiff and which could not be collected of the defendants; and for the costs in cases where judgments were entered for the defendant, or which were dismissed by the plaintiff, and fee bills might have been issued therefor. Under the charter the same result follows as to fees due the recorder in similar circumstances, and the same remedy is given to the recorder for fees due him, if we are to pay any attention to section 16, article 4 of the charter.

The case of Boucher v. Moberly, 74 Mo. 116, has no application to the facts in this case. In the Boucher case the recorder's fees and the mode of their collection, were governed and controlled entirely by ordinances. In the case in hand these matters are regulated by the charter, and the case is on all fours with the case of Carr v. City of St. Louis, 9 Mo. 190. The action to recover a money judgment for the fees against the city is the appropriate remedy, and the same one that was resorted to in the Carr and Boucher cases. The judgment is reversed and the cause remanded, with directions to the trial court to enter judgment for appellant on the agreed statement of facts. All concur.