## D. H. KEMP, Appellant, v. CITY OF MONETT, Respondent.

St. Louis Court of Appeals, June 10, 1902.

1. **Municipal Corporation: FEES OF CITY ATTORNEY: COSTS: SALARY OF CITY ATTORNEY.**   Plaintiff was attorney of a city. His compensation was regulated by ordinance providing an annual salary and for the payment of a certain fee in each case of violation of a city ordinance "taxed as costs against and be collected from defendant or defendants therein."   In a number of cases defendants were convicted, but costs were not collected of them. *Held,* that plaintiff is not entitled to recover fees in those cases (following Voucher v. Moberly, 74 Mo. 113).

2. ————: **CITY ORDINANCES.**   Under the general charter of a city of the fourth class, the ordinance described in the foregoing headnote is valid.   It is not in conflict with section 5938 (R. S. 1899).

3. **Charter: OF CITIES OF THE FOURTH CLASS: POWER OF BOARD OF ALDERMEN IN PROVIDING ORDINANCES FOR PAYMENT OF FEES OF CITY ATTORNEY.**   Under the charter of cities of the fourth class, the board of aldermen has power to fix the compensation of all city officers and the board may provide by ordinance that certain fees payable to the city attorney, on conviction of defendants, shall be contingent upon the collection of such fees from defendants.

4. **Statutory Construction:** The maxim *"expressio unius est exclusio alterius,"* as applied to section 5938 (R. S. 1899), does not warrant the interpretation that the city attorney is entitled to fees in every case, where defendant is convicted and committed.

5. **Charter: ORDINANCES, WHEN VALID.** A charter is the organic law of the municipality and an ordinance in conflict therewith is void.

Appeal from Barry Circuit Court.—*Hon. Henry C. Pepper,* Judge.

AFFIRMED.

*R. H. Davis* for appellant.

· (1) The Act of 1895, section 25, page 70, provides that the board of alderman shall have power to fix the compensation of all officers by ordinance, and the ordinance offered in evidence, and contained in section 118, of the revised ordinances of the city, fully complies with the above-named section of its charter. (2) The defendant's liability for fees earned by plaintiff in city prosecutions for violation of ordinances, is that the defendant in such prosecution, or prosecutions, shall be convicted and committed. R. S. 1899, sec. 5938. (3) It was beyond the power of defendant to limit, by ordinance, its liability to plaintiff for fees earned in prosecutions for violations of ordinances of defendant. Carr v. St. Louis, 9 Mo. 191. Lonergan v. Louisana, 83 Mo. App. 101. (4) The proper construction to be placed upon the ''proviso'' or last clause of section 118 of the revised ordinances, is, that all fees earned by the city attorney in securing convictions and commitments against persons violating city ordinances shall be taxed and collected as costs from the defendant or defendants, in such prosecutions so as to reimburse the city for its costs laid out and expended.

*W. F. Maher* and *Joe French* for respondent.

(1) Section 118, revised ordinances of the city of Monett, passed March, 1898, and the ordinance under which plaintiff seeks to recover, after fixing the fees of the city attorney, specifically provides that in all cases of prosecution for violations of ordinances, such fees shall be taxed against, and collected, from such defendants. (2) Under this language, could we assume that the city intended to pass an ordinance, wherein it would be obligated to pay the fees of the city attorney? Such a construction would be at variance with the plain intent and language of the ordinance, the very thing the city was trying to guard against. (3) The power to fix compensation of all city officers is given the board of aldermen. R. S. 1899, sec. 5918; Lonergan v. City of Louisiana, 83 Mo. App. 101; Carr v. City of St. Louis, 9 Mo. 191, have no application to this case. (4) In the Louisiana case, the plaintiff was the city recorder, and operating under a statute providing that such officers should receive the same fees as were allowed to justices of the peace, with no ordinance providing that costs should be recovered from the defendants only, and in such case it was not within the power of the board of aldermen, to change or fix a different schedule of fees. (5) There is no such provision in the statute as to fees of a city attorney. To the same effect is the case of Carr v. St. Louis, 9 Mo. 191. Where the fees are regulated by the city ordinance only, the courts will only enforce payment as provided by ordinance. Boucher v. Moberly, 74 Mo. 116. This case is directly in line with the one at bar.

BARCLAY, J.—This is an action for attorney's fees. Plaintiff was city attorney of Monett (a city of the fourth class) from April, 1897, until the same month in 1900. His amended petition contains a large number of counts for various items of fees claimed

under the city charter and an ordinance concerning the compensation of the city attorney.

The charter of Monett declares that:

"The board of aldermen shall have the power to fix the compensation of all the officers and employees of the city by ordinance. But the salary of an officer shall not be changed during the time for which he was elected or appointed" (R. S. 1899, sec. 5918).

Another provision of the city charter is as follows:

"The city shall in no event be held liable for any costs or fees to any officer of the city in any cause tried before the mayor or police judge of such city, unless the defendant be convicted and committed" (R. S. 1899, sec. 5938).

The ordinance on the subject is in these terms:

"The city attorney shall receive a salary of one hundred dollars per year and the following fees: ten dollars for each case where the city is a party, conducted by him to a final determination in the circuit court; second, five dollars for each case, where the city is a party, conducted by him to a final determination before a justice of the peace; third, five dollars for each case of violation of the city ordinance when the party so charged and prosecuted stands trial and is convicted of such violation, and two dollars and fifty cents where the party charged pleads guilty; provided, that in all cases prosecution for violation of ordinances, said fee shall be taxed as costs against and be collected from defendant or defendants therein."

The case was tried upon an agreed statement of facts which need not be recited at large.

The difference arises in regard to the items described in the third paragraph of the ordinance. The exact contention concerns charges for prosecutions where fees of the city attorney were taxed as costs against defendants who had been convicted and committed (on a trial or a plea of guilty) for violation of

ordinances, but those fees had not been collected of said defendants.

Defendant contends that those items of claim on the part of plaintiff are invalid, and that he is entitled to no fees in that class of cases where those items of costs have not been collected of defendants.

.Plaintiff claims that it did not lie within the power of defendant to so limit its liability to plaintiff for the fees earned by him in prosecutions for violation of the ordinances, where the defendants were convicted and committed.

The plaintiff argues that the charter provision above quoted from section 5938 (R. S. 1899) implies that where a defendant, in a prosecution before the mayor or police judge of the city, is convicted and committed, the city shall be liable for the fees due to any city officer in such a proceeding. Starting from that premise plaintiff concludes that the proviso in the cited ordinance is invalid which declares that ''in all cases [of] prosecution for violation of ordinances said fee shall be taxed as costs against and be collected from defendant or defendants therein.''

We do not agree with that contention. The charter's language does not imply the converse of the prohibition it expresses. The maxim that the expression of one proposition is the exclusion of others unexpressed, is well enough as a light to interpretation. But it does not guide us here to discover any such legislative meaning as the plaintiff suggests. The charter merely forbids any local enactment which will make the city liable for any costs or fees (in any case tried before the mayor or police judge) unless the defendant is convicted and committed. This is very far from saying or implying that any fees shall be paid by the city in such a case if the defendant is convicted and committed. Under such a charter the city is, nevertheless, free to make such provision in regard to fees as may seem proper, without disobeying the prohibition

contained in the language quoted. That language is far from providing for any such fees as are in contemplation in this case. Such fees require further provisions for their support.

The ordinance which allows the city attorney to collect any fee in case of this description declares that such "fee shall be taxed as costs against and be collected from defendant or defendants therein." That provision of the ordinance is not in any particular in conflict with the charter provision we have mentioned. It was an entirely proper condition to annex to the payment of fees in cases of the violation of city ordinances within the principle declared in Boucher v. Moberly, 74 Mo. 113. In that case a city ordinance prescribed certain fees for the recorder "to be paid only when adjudged against, and paid by the defendant in money or other current funds" (p. 114). It appears that the city had actually received a full equivalent for the fees taxed, but it had received the same from the labor of defendants who had been obliged to work out their fines and costs. But that result the Supreme Court held to be no compliance with the terms of the ordinance, inasmuch as the defendants had not paid the penalties (including the fines and costs) "in money or other current funds."

The decision last mentioned is also authority for the proposition that where a plaintiff, in the position of plaintiff in the present case, accepts an office on terms defined by such an ordinance, he must "abide the result" (p. 116).

The case of Lonergan v. Louisiana, 83 Mo. App. (St. L.) 101, is not in conflict with the Boucher decision or with the one which we are about to pronounce. It is clearly distinguishable from both these cases. In the Lonergan case the ordinance undertook to establish a different scale of fees of the recorder from that prescribed by the charter.

It is very familiar law that an ordinance is void

which conflicts with the charter of the municipality. A charter is, so to speak, the municipal organic law which no ordinance may override. Carr v. St. Louis, 9 Mo. 191. But in the case at bar, as we have already attempted to show, there is no charter provision to preclude the enactment of the ordinance (already quoted at large) concerning the fees of the city attorney. That ordinance is so far obligatory as to require any one accepting office thereunder to submit to its terms for the period during which he retains the office.

It must be noted that the city attorney was in the first place to receive a salary of one hundred dollars per year. The other authorized fees were payable upon the terms specified in the ordinance and not otherwise. It was entirely appropriate for the city to make that part of plaintiff's compensation which should be paid by fees in ordinance cases to depend upon the contingency of collection thereof from the defendant, as it undertook to do, and as any private client might do in similar circumstances.

The ordinance is awkwardly worded, and there may be possible room for its misinterpretation. But the intention of it seems to us clear. The learned trial judge gave full effect thereto by entering judgment for defendant. The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.