JOHN FORTNER, Appellant, v. CITY OF HIGGINS-VILLE, Respondent.

Kansas City Court of Appeals, May 16, 1904.

1. **OFFICES AND OFFICERS: City Marshal: Liability for Fees.** Although cities of the fourth class have power to provide that in cases where fines and costs are worked out by prisoners the city should pay the costs to the officer earning them; yet the lawmaking body must enact ordinances to that effect before the officer can enforce collection from the city.

2. ———: ———: ———: **Defect in Agreed Statement.** A defect in plaintiff's right to recover exists in the fact that the agreed statement does not show that in the cases in which the plaintiff seeks to recover his fees the prisoners in fact worked them out under the ordinance.

3. ———: ———: ———: **Conviction.** The provision that the city shall not be liable for costs unless the defendant is convicted is not an enactment that it is liable if he is convicted.

4. ———: ———: ———: **Working Out Fine.** It seems that where a convict works out his fine and costs it does not constitute an appropriation by the city of the officer's costs from which a promise would be implied to pay such officer.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*C. A. Keith* and *William Aull* for appellant.

(1) It is provided by statute that cities of the fourth class shall have power to fix the compensation of all its officers. R. S. 1899, sec. 5918. (2) It is also provided by statute that if any person be convicted before the police judge of a city of the fourth class, judgment shall be rendered accordingly and for costs and that it shall be part of such judgment that defendant stand committed until judgment is complied with. R. S. 1899, sec. 5933. And that such defendant may be required to perform labor. That the city marshal is authorized and required to cause such prisoner to work out the full number of days, etc. That it shall be deemed a part of the judgment and sentence of the court that prisoner be worked. R. S. 1899, sec. 5934. (3) Appellant city marshal, both by statute and the ordinances of respondent city, was authorized and required to make arrests and to execute warrants of commitment, etc. R. S. 1899, sec. 5922. (4) The city shall in no event be held liable for costs or fees to an officer of the city in a cause tried before the police judge unless defendant be convicted and committed. R. S. 1899, sec. 5938. (5) The respondent city in pursuance to authority given by section 5918, Revised Statutes 1899, has fixed the compensation of its officers. (6) Section 3253, Revised Statutes 1899, prescribes the fees of constables. Section 2830, Revised Statutes, provides that such fees in cases where there is sentence to imprisonment or to pay a fine shall be paid by the county. For like services as those sued for, fees of constables would be taxed as costs and paid by county. Fees of city marshal should be taxed as costs and paid by city. Carr v. St. Louis, 9 Mo. 191. (7) The lower court arrived at its conclusion in this case by an erroneous construction of the case of Boucher v. Moberly, 74 Mo. 116. Here the ordinance requires the fees to be the same as con-

stable for like services and taxes as costs in the case. Kemp v. Monett, 95 Mo. App. 452; Lonegan v. Louisiana, 83 Mo. App. 101.

*M. C. James* for respondent.

(1) There are no provisions in the ordinances of respondent city, other than fines, as a punishment for violating any of its ordinances as shown by ordinance No. 16.   (2) It is provided by statute that any person who has been convicted before the police judge, whether the punishment be by fines or imprisonment, he may be put to work, etc.   R. S. 1899, sec. 5934.   (3) The lower court arrived at its conclusion in this case by a proper construction of section 5934, R. S. 1899.   Section 32 of ordinance No. 16, relied on in this case by appellant, is, so far as it relates "to costs of the case," in conflict with R. S. 1899, sec. 5934, hence void.   Kemp v. City of Monett, 95 Mo. App. 452.   The city marshal or street commissioner either, has the authority to work a prisoner for fines only.   R. S. 1899, sec. 5934.   (4) It is provided by statute that the board of aldermen shall have power to enact and make all necessary ordinances, rules and regulations for any purpose mentioned in article 5 of chapter 91, Revised Statutes 1899.   R. S. 1899, sec. 6000; Boucher v. Moberly, 74 Mo. 113.   The record in this case shows no provision by ordinance, making the respondent liable for any costs in any prosecution for the violation of its ordinances.   (5) Unless the ordinance expressly gives fees to an officer he can not collect same.   Wood v. Kansas City, 162 Mo. 303; Jackson Co. v. Stone, 168 Mo. 577.   The entire subject of costs, in both civil and criminal cases, is a statutory enactment.   State v. Duestrow, 70 Mo. App. 311; Sinclair v. Railroad, 74 Mo. App. 500; Jackson v. Stone, 168 Mo. 577; State ex rel. v. Wofford, 116 Mo. 220; Baldwin v. Boulware, 82 Mo. App. 321.

ELLISON, J.—The plaintiff is the marshal of the defendant city.     During his incumbency he duly arrested, on proper warrants, a number of persons who were duly convicted in the city court and adjudged to pay a fine and costs, including costs earned by plaintiff. Those defendants failed to pay the fine or costs and were duly imprisoned. The plaintiff demanded his fees of the defendant city, payment of which was refused, and he then brought this action. The trial court rendered judgment for the city and he appealed.

The following agreed statement of facts was submitted to the trial court:

"It is admitted that at all the times hereinafter mentioned in the petition in the above case, that the defendant was, and now is, a municipal corporation, organized and existing as a city of the fourth class under the constitution and laws of the State of Missouri. That at the dates named in the petition in this case the plaintiff was the duly elected and qualified officer, being the city marshal of the city of Higginsville. It is admitted that they (the parties accused) were arrested, tried and convicted and commitment issued for them, and that they served out in the calaboose their time for which they were committed. And that the convictions were under complaints filed by the city attorney of the city of Higginsville in the police court of the city of Higginsville. And that John Fortner, the plaintiff, as city marshal executed the writs mentioned in the petition. That these fees were demanded of the city and the city council refused to pay the same."

The defendant is a city of the fourth class and its charter is found in chapter 91, article 5, Revised Statutes 1899. By section 5918 the city has power to fix the compensation of its officers. By section 5933 the city is authorized to provide by ordinance for the conviction and punishment of offenders. And section 5934 gives authority to the city to cause persons convicted to be worked at the rate of one dollar per day until the whole

number of days equals the number of dollars of the
fine. And that "it shall be deemed a part of the judg-
ment and sentence of the court that such prisoner may
be worked." It is provided by section 5938, that the
city shall in no event be liable for costs or fees due any
officer, "unless the defendant be convicted and com-
mitted."

In pursuance of the foregoing charter authority,
the city by ordinance fixed the compensation of the mar-
shal at $45 per month and, in addition, certain fees, the
same "as are allowed by law to constables for like ser-
vices to be taxed as costs in the case." Ordinances
were also enacted requiring convicted persons who
failed to pay their fines to be imprisoned and put to
work as contemplated by the charter, "until the whole
amount of said fine, penalty and costs, is worked out,
or such judgment be complied with, or until he other-
wise be discharged in due course of law."

The view taken of the case by the circuit court
must be affirmed. The city, while providing by ordi-
nance for certain fees for the marshal, did not provide
that the city would, in any event, pay such fees. The
charter power referred to above may be full authority
for the city, if its lawmaking body saw fit to provide that
in instances where fines and costs are worked out by
the prisoner, the city would pay the costs to the officers
earning them. But authority to do an act, is, of course,
not the act itself.

Again, while the charter and ordinances require
that the defaulting prisoners shall be worked, the agreed
statement above set out fails to show that in point of
fact they were worked in the cases for which costs are
sought to be recovered. The plaintiff's case should
fail for that reason, if there was no other.

But we take it that a part of plaintiff's theory is,
that when he earned his costs and the defendant was
convicted and was unable to pay the same, the city
thereby became liable to him. We think not. The char-

ter, as already stated, reads that the city shall not be liable for costs, unless the defendant be convicted. But we do not understand that to be an enactment that it is liable if he is convicted. The provision is mere authority whereby the city may provide by ordinance for the payment of fees by it in cases of conviction. Such was the view taken of the same question by the St. Louis Court of Appeals in Kemp v. Monett, 95 Mo. App. 452.

Embraced within plaintiff's objection to the judgment against him, is the contention that when the city worked the prisoners (as he assumes was done) it, in effect, received the fees for plaintiff. The case of Boucher v. Moberly, 74 Mo. 113, was similar to plaintiff's case except in the important particular that the ordinances of Moberly provided that cost was to be paid to the officer earning it only when "it had been paid by the defendant in money or other current fund." The court held the city not liable. But in the course of the opinion the case of Gibson v. Zanesville, 31 Ohio St. 184, is commended and approved. And it was held in that case that, where the person convicted worked out his fine and costs in work for the city, it did not constitute an appropriation by the city of the officer's costs, from which a promise would be implied to pay such officer. That court took the view that the sentence to labor until, at a certain rate, it equalled the fine and costs, was but a mode of punishment; and that the stipulated allowance per day until it equalled the fine was but a measurement of the punishment.

The judgment is affirmed. All concur.