THE STATE ex rel. CLARKE v. WILDER, Auditor.

In Banc, June 1, 1906.

1. **COURT COSTS: When Taxed.** No costs can be taxed in any court except such as the statute in terms allows.

2. ———: **Reason Given by Auditor: Insufficient Pleading: Mandamus.** Even if the State Auditor in his return to the alternative writ of mandamus gives an insufficient reason for not paying the fee bill in a criminal case, if he was justified in not al-

lowing such fees because the statutes do not allow them to be charged against the State, the writ of mandamus compelling him to pay them cannot go.

3. ——: Imprisonment in Penitentiary: Sole Punishment. Where imprisonment in the penitentiary is not the sole punishment that may be inflicted upon a boy under sixteen years of age charged with murder in the second degree, the State is not liable for costs upon his acquittal.

4. ——: ——: ——: Juvenile Court. The provision found in the Juvenile Court act for taxing costs relates only to the costs accruing in proceedings in regard to "neglected" children, and has no application to the payment of costs incurred in the prosecution of "delinquent" children. The payment of costs in prosecutions against delinquent children is determined by the general statutes in force before and since the passage of the Juvenile Court act.

5. ——: Juvenile Court Act: Consistent Statute. Repeals by implication are not favored, and a later statute will not repeal a former one by implication unless they are irreconcilably inconsistent, and it appears the General Assembly intended the later act to take the place of the former. There is no irreconcilable conflict between the Juvenile Court act and the general statutes as to the trial and punishment of "delinquent" children. On the contrary, it is apparent from the face of that act that it is intended to preserve the procedure and general statutes in regard to the prosecution of delinquent minors under sixteen just as they were before, with certain exceptions, which do not include the matter of payment of costs.

Mandamus.

Peremptory writ denied.

*William Zachritz* and *Johnson, Houts, Marlatt & Hawes* for relator.

(1) The Auditor's refusal to draw his warrant for the payment of the costs involved in this suit was based wholly upon the view that under the law all costs accruing in the juvenile court should be paid by the city of St. Louis. There is no controversy about the facts. Such being the case, if the costs are properly chargeable against the State, the Auditor's duty to allow the cost bill and draw his warrant upon the State Treasurer is purely ministerial and mandamus is a

proper remedy to enforce the performance of such duty. State ex rel. v. Gibson, 184 Mo. 507. (2) The defendant in the cause in which these costs accrued was charged with and acquitted of an offense punishable solely by imprisonment in the penitentiary. Under the general statutes of the State governing criminal costs prior to the enactment of the Juvenile Court act, there was no question that the costs in such cases were payable by the State. R. S. 1899, sec. 2831. (3) The Juvenile Court act contains express provision for the payment of costs in proceedings against or concerning "neglected" children, but nowhere provides for the payment of costs in trials of "delinquent" children. Laws, 1903, p. 213-217. (4) Section 2831, Revised Statutes 1899, which provides that where a defendant is acquitted of an offense punishable solely with imprisonment in the penitentiary the State shall pay the costs, is not inconsistent or in conflict with any of the provisions of the Juvenile Court act and is not repealed, either expressly or by implication, by the Juvenile Court act. (5) The right to recover costs is statutory and "such right can have no existence unless the statute authorizing the item or items can be directly pointed out." Statutes allowing costs are strictly construed. The Juvenile Court act contains no provisions for the payment of costs in cases against "delinquent" children, and no liability for such costs can be read into the act by implication.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for respondent.

(1) It is a well-established principle that costs can not be recovered except in cases where the statute specially provides for same. State ex rel. v. Seibert, 130 Mo. 217. By reading the statute which created the juvenile court, and the interpretation thereof in Ex parte Loving, 178 Mo. 194, it will be seen that there is

no provision in said act for the payment of costs by the State. Laws 1903, pp. 213-217. In sections 5 and 12 it is distinctly provided that certain costs shall be paid by the county, or city, in which said court is situated. In no place is there any provision for the payment of fees to any one out of the State Treasury. This law establishes such courts in different counties, or cities, having a population of 150,000; hence, it is a law for the benefit of the larger cities and counties of our State. Such benefit is recognized in the Loving case, supra; and its necessity to a large city or county was also recognized by the General Assembly of 1903. It is but reasonable, therefore, to infer that the General Assembly intended that the county or city which derived the benefit from such court should pay the expenses incident to its operation. (2) A portion of relator's brief is devoted to an argument to the effect that the city of St. Louis is not liable for the costs here in controversy. Even admitting that the city is not liable, that does not necessarily fix liability for same on the State. It frequently happens in criminal, as well as civil, cases that the court officers receive no compensation for time and money expended by them. The fact that the county or city or municipal township or some other body can not be made to pay such fees does not make the State liable therefor.

GANTT, J.—The petition of Patrick H. Clarke, sheriff of the city of St. Louis, was filed in this court on the — day of October, 1905, in which he prayed for an alternative writ of mandamus against William W. Wilder, State Auditor, to compel the drawing of a warrant upon the State Treasurer in payment of certain criminal costs hereinafter referred to. On the 20th of October, 1905, the alternative writ was issued from this court returnable to the April term. To this alternative writ the State Auditor, acting through the Attorney-General, filed a demurrer on April 10,

1906, and the cause is for adjudication upon the petition as set out in the alternative writ and the demurrer thereto.

The petition alleges that Patrick H. Clarke was, at all times therein referred to, the sheriff of the city of St. Louis; that William W. Wilder was, at all said times, the Auditor of the State of Missouri; that on the 2nd day of December, 1904, an information was filed in the circuit court of the city of St. Louis, charging one John Meier with the offense of murder in the second degree committed in the city of St. Louis; that said John Meier was arrested upon a warrant issued under such information; that he was a minor under sixteen years of age, and that, in pursuance of what is known as the ''Juvenile Court act'' he was arraigned in the juvenile court of the city of St. Louis, Missouri, pleaded not guilty, was tried by the jury and was acquitted. The petition further alleged that for his services in said cause, the sheriff of the city of St. Louis became entitled to fees amounting to $24.90; that the clerk of the circuit court of the city of St. Louis became entitled to fees amounting to $13.50, and that certain other fees were taxed as costs, amounting to $14.50, making the total costs in said cause $52.90; all of which costs were duly taxed in the cause against the State of Missouri; that thereupon a fee bill was duly made out according to law embracing the foregoing costs and, being duly certified by the judge of the juvenile court, circuit attorney and by the circuit clerk, this fee bill was transmitted to the Auditor with the request that he draw his warrant upon the State Treasurer in payment thereof. The petition then alleges that the State Auditor refused to allow said fee bill as a charge against the State of Missouri and refused to draw his warrant on the State Treasurer in payment thereof; ''that the said refusal of the State Auditor to allow said fee bill and to draw his warrant in payment of the

same upon the State Treasurer was expressly placed by said State Auditor upon the ground that he believed that under the provisions of said Juvenile Court act all fees accruing in cases pending in said juvenile court in said city of St. Louis are chargeable solely against the city of St. Louis and not against the State of Missouri, and the said refusal of the State Auditor was not based upon any contention that the services charged for in said fee bill were not rendered, nor upon any contention that said fee bill was not duly and properly made out and certified, and not upon any contention that any of the facts herein set out were untrue, but that the said refusal of said State Auditor was based solely upon the ground that said fees, under the foregoing facts, should be paid by the city of St. Louis and not by the State of Missouri.'' The petition further alleged that there were sufficient funds in the State Treasury appropriated to the payment of criminal costs to pay said costs.

The sole question arising from the facts alleged by the relator and admitted by the State Auditor, is whether the State is liable for the costs claimed by the relator. For many years this court, in obedience to strict statutory provisions, has sedulously maintained that no costs can be taxed except such as the law in terms allows. [Shed v. Railroad, 67 Mo. 687; Crouch v. Plummer, 17 Mo. 420; State ex rel. v. Hill, 72 Mo. 512; Williams v. Chariton County, 85 Mo. 646.]

Section 2831, Revised Statutes 1899, provides: ''In all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the State; and in all other trials on indictments or information, if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found or information filed, except when the prosecutor shall be adjudged to pay them, or it shall be otherwise provided by law.'' Sec-

tion 2381 provides: ''Whenever any person shall be convicted of any felony committed while under sixteen years of age, he shall be sentenced to confinement in the reformatory school for a period of one year or over, or until he shall become twenty-one years of age, or to imprisonment in the county jail not exceeding one year, instead of imprisonment in the penitentiary, as prescribed by the preceding provisions of this law.'' By section 1817, Revised Statutes 1899, it is provided that ''those convicted of murder in the second degree shall be punished by imprisonment in the penitentiary not less than ten years.'' It being alleged and admitted that John Meier was charged with murder in the second degree and was a minor not sixteen years of age, it is clear that imprisonment in the penitentiary was not the sole punishment provided for the offense with which he was charged, but that by virtue of section 2381, the punishment provided in his case, had he been found guilty, was confinement in the reformatory school for a period of one year or over, or until he had become twenty-one years of age, or imprisonment in the county jail not exceeding one year instead of imprisonment in the penitentiary, as prescribed by section 1817 for persons over the age of sixteen who should be convicted of murder in the second degree. Reading sections 2381 and 2831 together, it cannot be said that imprisonment in the penitentiary is the sole punishment for the offense of which said Meier was acquitted, and therefore, independent of the Juvenile Court act (Laws 1903, p. 213), which was passed and approved March 23, 1903, it seems clear to us that the State was not liable for the relator's fees which he earned in the prosecution of that cause. It is true it is alleged that ''the refusal of the State Auditor to allow such fee bill and draw his warrant in payment of the same on the State Treasurer in payment thereof, was expressly placed by the State Auditor upon the ground that he believed that

under the provisions of said Juvenile Court act, fees accruing in cases pending in said juvenile court in said city of St. Louis, were chargeable solely against the city of St. Louis and not against the State of Missouri,'' but even if the State Auditor gave an insufficient reason for not allowing said fees against the State, if he was justified in not allowing said fees because the statutes of this State did not authorize him to allow the same, the writ of mandamus cannot go.

A careful analysis of the Juvenile Court act has led us to the conclusion that the provisions for the taxing of costs found in that act relate only to the costs accruing in proceedings in regard to "neglected" children, and has no application to the payment of the costs incurred in the prosecution of "delinquent" children. Section 3 of the act provides: "The practice and procedure prescribed by law for the conduct of criminal cases, so far as the same may be applicable and when herein not otherwise provided, shall cover all proceedings under this act. In all trials under this act, any person interested therein may demand a trial by jury," and section 8 of said act provides that when a child under the age of sixteen is arrested and charged with a violation of law, he should be taken directly before the juvenile court and "the said court shall proceed to hear the case in accordance with the law in trials of such offenses." The juvenile court is a part of the circuit court of the city of St. Louis and has under this act exclusive jurisdiction to try "delinquent" children for criminal offenses, and the practice and procedure and punishment of offenders under sixteen years of age remain the same as before the passage of the Juvenile Court act, with the exception that the juvenile court has certain discretions as to the punishment to be inflicted. The officers of the court perform the same services and are entitled to the same fees in cases in the juvenile court that they perform

and were entitled to prior to the passage of that act. The Juvenile Court act does not in terms repeal the statutes providing for the fees of officers of the circuit court, in criminal cases. There is no implied repeal of the statutes concerning criminal costs in the proseution of "delinquent" children charged with the violation of the criminal laws of the State. Repeals by implication are not favored and a later statute will not repeal a former one by implication unless they are irreconcilably inconsistent, or it appears that the Legislature intended the later act to take the place of the former one. [Manker v. Faulhaber, 94 Mo. 430; State ex rel. v. Walbridge, 119 Mo. 383; Evans v. McFarland, 186 Mo. l. c. 723.]

We not only do not discover any irreconcilable conflict between the Juvenile Court act and the general statute as to the trial and punishment of "delinquent" children, but the Juvenile Court act on its face, we think, intends to preserve the procedure and general statutes in regard to the prosecution of minors under sixteen just as it was before that act, with the exception that it confers the exclusive jurisdiction upon the circuit court and gives it a wide discretion as to the punishment of said minors and the foregoing of all punishment under certain conditions. In our opinion the Juvenile Court act does not affect or control the right of the relator to his fees, but his right thereto must be determined by the statutes in force before and since the passage of that act, as already noted in this opinion.

As imprisonment in the penitentiary was not the sole punishment for the offense with which Meier was charged, it follows that the State was not liable for the costs upon his acquittal, and that the Auditor was right in refusing to audit the costs bill, even though he gave a wrong reason for so doing, and the peremptory writ must be denied. [State ex rel. Spurlock v.

Holladay, State Auditor, 67 Mo. 299.]    Writ denied.
*Brace, C. J., Burgess, Valliant, Fox, Lamm* and *Graves,
JJ.,* concur.