CITY OF GREENFIELD, Appellant, v. ODE FARMER, Respondent.

**Springfield Court of Appeals, January 8, 1917.**

1. **APPEALS: From Police Court to Circuit Court: Statutory Provisions.** In an appeal from a police court to the circuit court, as to manner and time for appealing, the action is civil in nature, but the practice and procedure after appeal is essentially that of a criminal proceeding. [Citing Sec. 9543, R. S. 1909.]

2. **COSTS: Right to Tax: Statutory Right.** The right to tax costs is given by statute only. Such right did not exist at common law.

3. ————: **Prosecution for Violation of City Ordinance: Statutes.** The provision of Sec. 2263, R. S. 1909, that the prevailing party shall recover costs in all civil actions "or proceedings of any kind," does not include criminal proceedings.

4. ————: **Prosecutions by Municipality: Statutes.** A court is not warranted in taxing costs against a city which unsuccessfully prosecuted one for violation of the city ordinance under sections 5377, 5379, R. S. 1909, which provide that the State and county shall pay costs upon conviction in certain cases.

5. ————: **Statutes.** The provision of Sec. 5380, R. S. 1909, that persons instituting prosecutions to recover fines shall pay the costs if defendant is acquitted, refers to personal offenses only where the informant is injured and not to public offenses.

6. ————: **Municipal Corporations: Prosecutions for Violating Ordinance.** Sec. 9344, R. S. 1909, which provides for taxation of costs in malicious criminal prosecutions but that a city shall not be liable therefor to its officers unless defendant be convicted,

195 M. A.—14

does not authorize the defendant recovering costs against a city unsuccessfully prosecuting an alleged ordinance violation, where the prosecution was not malicious.

7. **MUNICIPAL CORPORATIONS: Prosecutions for Violation of Ordinance: Costs.** A city of the fourth class cannot be held liable for costs in the case of an unsuccessful prosecution of an alleged ordinance violation.

Appeal from Dade County Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED AND REMANDED (*with directions.*)

*Fred L. Shafer* for appellant.

No brief filed for respondent.

FARRINGTON, J.—The defendant (respondent) was prosecuted for the alleged violation of the ordinances of the plaintiff, a city of the fourth class, and on appeal from the police court was acquitted in the circuit court, that court rendering a general judgment for costs against the plantiff city upon which an execution was issued. The city filed a motion to quash the execution which motion was overruled and later the city filed a motion to retax the costs, which, as to the main contention on this appeal, was likewise overruled. The case here on the city's appeal from the order overruling such motion.

The circuit court of Dade county acquired jurisdiction of the case by virtue of section 9343, Revised Statutes, 1909.

No case in Missouri has been cited or found by the court involving the direct question in issue here. It will therefore require an examination of our statutes governing costs in court proceedings to determine the correctness of the order of the circuit court.

Under section 9343, Revised Statutes 1909, the appeal in this case from the police court to the circuit court as to time and manner is governed as provided by statute in relation to appeals from justices of the peace in civil suits, but when the appellate court—that is, the circuit court— is vested with the appeal it shall proceed with the case in

the same manner as is provided in cases of appeals from justices of the peace in misdemeanor cases, and the judgments rendered on such appeals are such as are rendered in misdemeanor cases. The action therefore as to manner and time of appealing is civil in nature, but the practice and procedure after appeal is essentially that of a criminal proceeding.

It is the well settled law of this State and the country at large that the right to tax costs is purely made by statute; no such right existed at common law; and unless there is a statute authorizing the taxing of costs against the plaintiff, the order of the circuit court is erroneous. It is held in the case of State ex rel. Clarke v. Wilder, 197 Mo. 27, 94 S. W. 499, that no costs can be taxed in any court except such as the statute in terms allows. In Ring v. Chas. Vogel Paint & Glass Co., 46 Mo. App. l. c. 377, the following language is used: " . . . It may be stated that the entire subject of costs, in both civil and criminal cases, is a matter of statutory enactment; that all such statutes must be strictly construed, and that the officer or other persons claiming costs, which are contested, must be able to put his finger on the statute authorizing their taxation." [See, also: State v. Union Trust Co., 70 Mo. App. l. c. 315.] McQuillin on Municipal Corporations vol. III. sec, 1070, lays down the rule that costs cannot be awarded unless expressly provided for and that at common law they were not recoverable in either a criminal or civil proceeding, and that it has been often held in the absence of statute providing therefor that costs cannot be taxed against a city in cases for violation of ordinances regardless of whether there was an acquittal or a conviction. 11 Cyc. 278 states the rule that a city, town or village is never liable for costs for proceedings under its ordinances whether the defendant be acquitted or convicted unless a statute so provides, and that this is true whether the proceeding is considered civil or criminal; and that (p. 289) in the absence of statutes so providing, costs of an appeal to an intermediate court from a judgment for violation of an ordinance or on *certiorari* to

such court are not taxable against a municipality. [See, also: 7 R. C. L. sec. 13, p. 790; Id., sec. 2, p. 781.]

We must therefore look to the statutes to ascertain whether there is any authority therein for the taxing of the costs against the plaintiff city in this kind of proceeding.

Our attention is directed to section 2263, Revised Statutes 1909, which provides: "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law."

It is held in this State in numerous decisions not necessary to be cited herein that a proceeding to recover a fine for the violation of a city ordinance is a quasi-criminal proceeding, and section 9343, Revised Statutes 1909, certainly makes the procedure in the circuit court in such cases conform to that provided for in criminal proceedings begun in a justice court and appealed to the circuit court. The case, after it reaches the circuit court, so far as the procedure is concerned, is governed only by the statutes relating to criminal procedure.

Section 2263, Revised Statutes 1909, is contained in the article on "Costs" in the chapter on "Civil Procedure." And we take it that since this case is, by the statute vesting the appeal in the circuit court, made to conform to the rules of criminal procedure, the statute governing civil procedure (sec. 2263) has no place in the determination of the question; that statute provides for "all civil actions, or proceedings of any kind."

It will be found by reference to our statutes that that section as it now stands was in the revision of the statutes of 1845 at page 242 in article I of chapter 35, said article dealing with costs in civil cases—it is not contained in article II of that chapter which pertains to costs in criminal cases.

Prior to that time, in the revision of the statutes of 1835 at page 127 we find "An Act Concerning Costs" approved February 20, 1835. Section 5 of the act provides that if any person shall sue in any action, and shall recover judgment, then the plaintiff shall have judgment

for costs against the defendant. Following that, there were some three or four sections giving judgment for costs in cases where plaintiff is non-prossed, or suffers a discontinuance, or is non-suited, cognizance in replevin, and judgment on demurrer, from which it can be seen that when the Legislature passed the act referred to (found in the statutes the first time in the revision of 1845—now section 2263, Revised Statutes 1909)' it intended to cover all civil actions "*or proceedings of any kind,*" the clause we have italicized being intended to cover the various provisions for costs theretofore enumerated in separate sections and we think also to cover any proceeding partaking of a civil character, such as *certiorari,* mandamus, and the like, and that "proceedings of any kind" did not cover criminal cases or cases which are in their trial and procedure governed entirely by the criminal code.

Turning to the statutes pertaining to costs in criminal cases, we find that section 5377, Revised Statutes 1909, provides when the State shall pay costs on conviction and that section 5378 provides when the county shall pay costs on conviction, in neither of which is there any provision for a city to pay the costs in the case of an acquittal in the circuit court. Section 5379 provides when the State or county shall pay the costs on an acquittal, and in this section we find no warrant for the taxation of costs against a city in the kind of case before us. Section 5380 provides that every person who shall institute any prosecution to recover a fine, penalty or forfeiture shall be adjudged to pay all costs if the defendant is acquitted although he may not be entitled to any part of the same. This section would seem to come nearer the case in hand than any so far mentioned; but it has been held that it applies only to offenses personal and not public and in cases where the informant is the person injured. [See, State v. Lavelle, 78 Mo. 104; State v. Huiatt, 31 Mo. App. 302.]

Attention is called to the concluding clause in section 9344, Revised Statutes 1909, providing: "The city shall in no event be held liable for any costs or fees to any

officer of the city in any cause tried before the mayor or police judge of such city, unless the defendant be convicted and committed." It can be seen that this provision, in the first place, is only applicable in cases arising under section 9344 where there is a finding in the verdict that the prosecution was malicious and without probable cause and there was no such finding in this case, and, in the second place, it was put in as a charter prohibition for a city of the fourth class to be held for costs and fees *to any officer of the city.* This provision in the statute evidently was passed with a mind as to what the city could by ordinance give or not give its officers in the form of fees growing out of prosecutions. This is the view taken in the cases of Fortner v. City of Higginsville, 106 Mo. App. 560, 565, 80 S. W. 983, and Kemp v. City of Monett, 95 Mo. App. 452, 69 S. W. 31.

In addition to the reason that we have been unable to find any statute authorizing the taxation of costs, in a proceeding like this, against a city of the fourth class, we think it would be manifestly wrong to hold the city for attempting to enforce its ordinances in its police regulation; the city is thereby acting in its governmental capacity or on its governing side and if it were to be mulct in costs in cases where the proceedings are against individuals for the violation of its ordinances it might because of its limited powers to raise revenue become a bankrupt in attempting to police the city, or, on the other hand, would be slow to enforce municipal regulations for fear of becoming liable for the costs.

We therefore hold that the trial court erred in sustaining the fee bill containing charges against the City of Greenfield and accordingly reverse the order made and remand the case to the end that such charges against the city may be stricken from the bill.

*Robertson, P. J.,* and *Sturgis, J.,* concur.