ISAAC FORBES v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Railroads:** PASSENGERS: CONTRIBUTORY NEGLIGENCE. It is not negli-
1  gence as a matter of law for a passenger to leave his seat and pass along the aisle out upon the platform, while the train is in motion, preparatory to alighting when it shall stop.

**Same:** RELATION BETWEEN CARRIER AND PASSENGER. A passenger who
2  remains upon the train after reaching his ticketed destination does not thereby become a trespasser; it is presumed that he intends to pay his fare and until this presumption is overcome he is entitled to the same care as other passengers.

*Appeal from Wapello District Court.*— HON. M. A. ROB-
ERTS, Judge.

WEDNESDAY, OCTOBER 23, 1907.

ACTION to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of defendant's employés, while plaintiff was a passenger on defendant's train.   Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Carroll Wright, J. L. Parrish,* and *William C. McNett,* for appellant.

*Jaques & Jaques,* for appellee.

McCLAIN, J.— The evidence tended to show that, when defendant's train arrived at the station of Floris, plaintiff,

who was a passenger on the train, left his seat and proceeded to the platform for the purpose of alighting, that place being his destination; and that before he had alighted the train started with a sudden jerk, and he was thrown from the steps of the car to the station platform and received the injuries complained of. The allegation of negligence on the part of defendant's employés was that without warning the train was started up suddenly, and before plaintiff had reasonable time to alight.

The questions argued for plaintiff relate entirely to plaintiff's alleged contributory negligence. It is claimed that as it is made a crime by Code, section 4811, to get off 1. RAILROADS: a train while it is in motion, plaintiff was passengers: guilty of such contributory negligence in at-contributory tempting to do a prohibited act as to defeat negligence. tempting to do a prohibited act as to defeat his recovery. It is sufficient to say, however, that the prohibition is of the act of getting off a train while in motion, and the evidence does not show that plaintiff attempted to actually step or pass from the car to the station platform, but only that he had taken a position on the step of the car ready to get off and was thrown from this position by the jerking of the train. The argument for appellant seems to be that plaintiff's entire procedure after leaving his seat constituted a continuous attempt to get off a moving train; whereas the evidence tends to show that he had no purpose at any time to leave the train while in motion, but went upon the platform of the car for the purpose of leaving the train while it was standing. No authorities are cited to sustain the position that it is negligence on the part of a passenger to leave his seat and pass along the aisle and out upon the platform of the car while the train is in motion, preparatory to alighting when the train shall stop. There was no error therefore in refusing to take the case from the jury because of the alleged contributory negligence on the part of the plaintiff, nor in refusing to give the instruction

asked, to the effect that plaintiff was guilty of contributory negligence in getting off a moving train.

The jury was instructed that, if the plaintiff attempted to get off the train while it was, to his knowledge, still in motion, he could not recover; and this instruction is complained of because it limited the contributory negligence, under the statute cited above, to the act of stepping off the train in motion. But, as already indicated, we think this instruction was correct. If the contributory negligence relied on by the defendant was that of being on the platform while the train was in motion, it is sufficient to say that the court instructed the jury fully on this subject and directed a finding for the defendant if they should determine that the plaintiff was negligent in this respect.

The court instructed the jury that, even though the train had been stopped at the station for a reasonable length of time for passengers to alight, yet, if it was started up

2. SAME: relation between carrier and passenger.

with a jerk in such violent manner as to injure the plaintiff or other passengers, who were at the time in the exercise of reasonable and ordinary care for their own safety, such act in starting up in such manner would be negligence if the plaintiff was injured, and if the plaintiff was at the time in the exercise of ordinary care for his own safety he could recover. To this instruction it is objected that after plaintiff had had a reasonable time to alight he was a trespasser on the train, and the defendant owed him no duty, except not to injure him. Some countenance for this contention may perhaps be found in the cases cited for appellant. *St. Louis S. W. R. Co. v. Martin,* 26 Texas. Civ. App. 231 (63 S. W. 1089); *Chicago, K. & W. R. Co. v. Frazer,* 55 Kan. 582 (40 Pac. 923). But in the *Frazer* case the passenger was riding on a construction train and had reached the termination of the road so far as it was open for the operation of trains, and the court therefore very properly held that if he remained longer on the train he was not there as a passenger. It

cannot be true, however, as a general proposition, that when a passenger fails to alight from the train at the destination to which he has purchased a ticket he becomes a trespasser. If he sees fit to remain upon a train which is one upon which passengers are entitled to ride, it must be presumed that he intends to pay the proper fare, and, until this presumption is overcome by some evidence that he intends to be carried without payment of fare, he is entitled to the same protection as any other passenger. The sole question therefore was as to plaintiff's contributory negligence, and, as before indicated, this was submitted to the jury under proper instructions.

We find no error of which appellant can justly complain, and the judgment is therefore *affirmed.*