THORNAL, Justice.
Appellants Seban, who were defendants below in an eminent domain proceeding instituted by appellee Dade County, seek reversal of an order of the trial judge refusing to allow them a fee for the services of their attorneys rendered in a prior appeal of the cause to this court in which these appellants and others were successful. See Dade County v. Houk, Fla.1956, 89 So.2d 649. .
The determining question is whether the trial judge had the authority to fix and award a fee for the services of attorneys for property owners rendered in an appeal in eminent domain proceedings taken by the condemning authority and resulting in a decision favorable to the property owners.
Appellee Dade County instituted and carried through to completion a condemnation proceeding in which the present appellants were among the defendant property owners. Being dissatisfied with certain aspects of the final judgment, Dade County appealed. On appeal this court affirmed the judgment which had been assaulted by the county. See Dade County v. Houk, supra. Upon the filing of the mandate in the prior appeal the present appellants Seban filed in the lower court a motion for allowance of attorneys’ fees for services rendered by their attorneys in connection with the appeal. The trial judge denied the motion and declined to allow the requested fee. Reversal of this order is now sought.
Appellants contend that in eminent domain proceedings when a condemning authority appeals and is unsuccessful, the property owner is entitled to recover a reasonable fee for the services of his attorney. rendered in the appeal.
The appellee here contends that no such fee is allowable.
In view of the absence of any objection by the appellee we pretermit any discussion of the procedural method by which the problem is presented to us for consideration.
Appellants rely for reversal on our opinion in Dade County v. Brigham, Fla. *708 1950, 47 So.2d 602, 18 A.L.R.2d 1221, and upon the provisions of Section 12 of the Declaration of Rights, Florida Constitution, and Article XVI, Section 29, Florida Constitution, F.S.A.
Section 12 of the Declaration of Rights, Florida Constitution, provides in part as follows:
“ * * * nor shall private property be taken without just compensation.”
Article XVI, Section 29, Florida Constitution, reads as follows:
“Section 29. No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation, irrespective of any benefit from any improvement proposed by such corporation or individual, shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law.” (Emphasis ours.)
It is the view of the appellants that “just compensation” under Section 12 of the Declaration of Rights contemplates nothing less than complete total payment to the property owner not only for the value of the property taken but also for every item of cost and expense to which he might be put as a result of the condemnation proceeding. Appellants further would apply Article XVI, Section 29, Florida Constitution, to a county as a condemning authority and insists that “full compensation” comprehends the same allowances as “just compensation” under Section 12 of the Declaration of Rights.
Without passing upon the applicability of Article XVI, Section 29, supra, to a governmental agency such as a county, it should be noted that the “full compensation” at all events “shall be ascertained by a jury of twelve men in a court of competent jurisdiction”. Regardless of any other aspect of the problem, therefore, the trial judge was on absolutely sound ground when he declined to enter an award insofar as appellants’ reliance on Article XVI, Section 29, supra, is concerned.
Similarly, we think the decision of this court in Dade County v. Brigham, supra, cannot be considered a precedent to support the position of appellants. In the Brigham case we merely held that the allowance or disallowance of fees of expert witnesses employed to testify for the property owner at the trial of a condemnation case is a matter for the trial judge to decide in each instance in the exercise of a sound judicial discretion. The reasons for this conclusion are adequately stated in the opinion in the cited case. Suffice it to say that nothing in that opinion can be construed as supporting the contention of the appellants in the instant matter.
Appellants also point to Section 73.16, Florida Statutes, F.S.A., which reads as follows:
“All costs of proceedings shall be paid by the petitioner, including a reasonable attorney’s fee to be assessed by the jury, except the costs upon the appeal taken by a defendant, in which the judgment of the circuit court shall be affirmed.”-
Chapters 73 and 74, Florida Statutes, F.S.A., constitute the legislative implementation of Section 12 of the Declaration of Rights and Article XVI, Section 29 of the Florida Constitution. We look to these statutes in those matters which are not specifically defined or prohibited by the cited provisions of the organic law. On the problem at hand, therefore, Sec *709 tion 73.16, Florida Statutes, F.S.A., would appear to be the only provision even remotely related to the contention of the appellants. See also Section 74.10, Florida Statutes, F.S.A., which is applicable to so-called declaration of taking proceedings.
An examination of Section 73.16, supra, reveals that at all events the trial judge committed no error in the instant matter for the obvious reason that assuming ar-guendo that the statute authorizes recovery of an attorney’s fee for services rendered in an appeal in eminent domain,' it is specifically required that the fee for the property owner “be assessed by the jury”. We think we would be encroaching upon the legislative function if we were to read into this statute a conclusion that the attorney’s fee could be fixed by the trial judge on motion therefor.
Regardless of any view of the problem thus submitted by the appellants, it becomes obvious that the trial judge ruled correctly in the instant matter. We are tempted to elaborate by way of obiter dictum and undertake a comprehensive discussion of the over-all problem of allowance of fees to attorneys for appellate services to property owners in appeals in eminent domain when the property owners are successful. We have concluded, however, that under the circumstances presented by the instant record such an exploration into the broader aspects of the matter would be unjustifiable and might contribute more confusion than clarification.
We, therefore, rest our judgment on the proposition that the trial judge in this instance ruled correctly for the reasons above announced.
The judgment is affirmed.
TERRELL, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.