HOBSON, Justice (Ret.)
(concurring specially).
Although I have agreed to deny the petition for attorneys’ fees I wish it to be clearly understood that I did so because I am bound by this Court’s opinion and decision in Seban v. Dade County, Fla., 102 So.2d 706, in which case I did not participate.
Were it not -for the decision in Seban I would vote to grant the petition for attorneys’ fees in this case. It is my view that it was wholly unnecessary for the legislature to enact Section 73.16, F.S.A., in order that attorneys’ fees might be allowed the condemnee in condemnation proceedings. This is so because such an allowance is implicit and inherent in the constitutional directives to the effect that a condemnee must have, before his property is taken for public use, “full and just compensation.” Section 12, Declaration of Rights, and Article XVI, Section 29, Florida Constitution, F.S.A. He does not receive full and just compensation in a case wherein it becomes necessary for him in order to meet the condemning authority on an equal footing to employ an attorney, expert witnesses, etc., if fees for such sine qua non are not paid by the condemnor.
No statute can take from a condemnee the right to full and just compensation nor is any implementation of such constitutional guaranty necessary. The spirit and intent of our constitutional provisions are sufficient and should be looked to rather than the letter of the law as it may be attempted to be enucleated in any statutory enactment. Indeed a statute which might expressly prohibit an attorney’s fee for a condemnee would in my judgment be unconstitutional and therefore null and void. I might add that I am not unmindful of the Federal Rule which I think is inequitable, unjust, unwarranted and socialistic in its inception.