AT

## DUBUQUE, OCTOBER TERM, A. D. 1884,

IN THE THIRTY-EIGHTH YEAR OF THE STATE.

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
" JOSEPH M. BECK, ⎫
" AUSTIN ADAMS, ⎬ JUDGES.
" WILLIAM H. SEEVERS, ⎪
" JOSEPH R. REED, ⎭

---

### ALBERTSON v. KRIECHBAUM, SHERIFF.

1. **Criminal Law:** INFORMATION: CHANGE OF VENUE: STATUTE CONSTRUED. In section 4671 of the Code, relating to changes of venue in criminal cases triable in justices' courts, the clause providing that the justice before whom the cause is commenced shall transmit the papers, etc., "to the next nearest justice in the county against whom none of the *above* objections exist," refers only to the objections enumerated in that section, and not to the objections named in section 4670, which are required to be made by affidavit as a ground for a change of venue. Accordingly, where the defendant included in his affidavit for a change an allegation that he could not obtain justice before the other justice of the same township, he being the next nearest justice, such allegation

was properly stricken out on motion, and, there being no legal objection against said next nearest justice, the cause was properly sent to him, and he thereby acquired jurisdiction thereof.

2. ———: JURISDICTION: INFORMATION OR INDICTMENT: MEASURE OF PENALTY: IMPRISONMENT IN DEFAULT OF FINE AND COSTS: LIQUOR LAW. Where a statute provides that for the violation thereof a fine shall be imposed, and that the convict shall pay the costs of prosecution, and that, in default of such fine and costs, he shall be imprisoned for a certain time, the imprisonment is no part of the penalty, but only a means of collecting the penalty and costs; and so, where the fine provided does not exceed $100, the cause may be tried on information in justice's court, under section 11, art. 1, of the constitution, although the time for which the convict may be imprisoned in default of payment of fine and costs may exceed thirty days. Accordingly, a justice of the peace has jurisdiction of the "first offense" contemplated in section 11, Chap. 143, Acts of Twentieth General Assembly, in relation to keeping and selling intoxicating liquors.

*Appeal from the order of Hon. A. H. Stutsman, Judge of the District Court of the first Judicial District, in habeas corpus proceedings.*

FRIDAY, OCTOBER 24.

On the fourth day of August, 1884, plaintiff presented his petition to Judge Stutsman, in which he alleged that he was illegally restrained of his liberty by the defendant.

On this petition a writ of *habeas corpus* was issued, and, in obedience to its command, plaintiff was brought before the judge, and a hearing was had, which resulted in an order remanding him to the custody of defendant. And from this order he appeals.

*S. L. Glasgow, J. M. Virgin, Hall* and *Huston* and *Bills & Block*, for appellant.

*Smith McPherson, Attorney-general*, and *Newman & Blake*, for appellee.

REED, J.—The evidence introduced on the hearing before the district judge establishes the following facts: An information was filed before B. F. Stahl, a justice of the

Albertson v. Kriechbaum, Sheriff.

peace in Des Moines county, in which plaintiff was accused of the crime of keeping intoxicating liquors, with intent to sell the same contrary to law. The justice issued his warrant for the arrest of the accused, and he was arrested thereon, and brought before the justice. He thereupon filed his affidavit for a change of venue, alleging therein that he could not obtain justice before said Stahl; also, alleging that he could not obtain justice before certain other justices of the peace of the county, who were named in the affidavit, and, among them, Lewis Conley, the other justice in the same township in which Justice Stahl resided.

The attorney for the state filed a motion to strike out of the affidavit the allegation with reference to the other justices, which motion the justice sustained. The change of venue was then granted, and the cause was sent to said Justice Conley, and the accused was taken before him by the officers who had him in custody. He then filed a motion to dismiss the case, on the ground that said justice did not have jurisdiction to try the same, he not being the next nearest justice to Justice Stahl, against whom no legal objections existed, and that the action of Justice Stahl in sending the cause to him for trial was unlawful. This motion was overruled. The accused then pleaded not guilty, and a trial was had, in which he was found guilty, and he was adjudged to pay a fine of $100, and the costs, taxed at fifty-two dollars and seventy cents; and it was ordered that, in default of immediate payment of said fine and costs, he stand committed to the county jail for forty-five days, unless the fine and costs be sooner paid or satisfied according to law.

I. Plaintiff contends that the action of Justice Stahl in striking out of the affidavit the allegation with reference to the other justices named therein, and sending the

1. CRIMINAL law: information: change of venue: statute construed.

cause to Justice Conley for trial, was unlawful, and that the latter did not have jurisdiction to try the cause, and, as a consequence, his judgment and orders therein are void.

The right of the defendant in a criminal case in justice's court to a change of venue, and the practice in such proceedings, are established and described by sections 4670 and 4671 of the Code. These sections are as follows:

"Section 4670. If a change of venue be applied for, an affidavit must be filed, stating that the justice is prejudiced against the defendant, or is of near relation to the prosecutor upon the charge, or the party injured or interested, or is a material witness for either party, or that the defendant cannot obtain justice before him, as affiant verily believes.

"Section 4671. If such affidavit be filed, the change of venue must be allowed, and the justice must immediately transmit all the original papers, and a transcript of his docket entries in the case, to the next nearest justice in the township, unless said justice be a party to the action, or is related to either party by consanguinity or affinity within the fourth degree, or where he has been attorney for either party in the action or proceeding; and in such case the justice before whom such action or proceeding is commenced shall transmit all the original papers, together with a transcript of all his docket entries, to the *next nearest justice in the county, against whom none of the above objections exist,* who may require the defendant to plead;    *    *    *    *    but no more than one change of venue in the same case shall be allowed."

The position of counsel for plaintiff is that, by the provision in the latter part of section 4671,—that " the justice before whom the action or proceeding is commenced shall transmit all the original papers, together with a transcript of all the docket entries, to the next nearest justice in the county, against whom none of the above objections exist," reference is had to those objections which are enumerated in section 4670, as causes entitling the party to a change of venue. We think it very clear, however, that the language of the section does not admit of this construction. The object of the section is to designate the justice to whom the cause shall be

sent when a change of venue is taken from the one before whom it is commenced. The preceding section enumerates the causes which are grounds for such change, and provides that, when a change is applied for, an affidavit must be filed, showing the existence of one or more of said causes. All of these grounds for a change, however, relate to the justice before whom the action or proceeding is commenced. The first provision of section 4671 is that, when such affidavit is filed, the change must be granted, and the cause must be sent to the next nearest justice in the township, unless he be a party to the action, or is related to either party to it by affinity, or consanguinity within the fourth degree, or when he has been attorney for either party in the action or proceeding.

It is then provided that in "such case,"—that is, in case it is shown that any of the objections just enumerated exist against the next nearest justice in the township, the case shall be sent to the next nearest justice in the county, against whom none of such objections exist.

This is the clear meaning of the language of the section, and there is no rule of construction under which the provision in question can be made to refer to the objections enumerated in section 4670, as grounds for a change from the justice before whom the action is commenced.

II. It is next contended that the crime of which plaintiff was accused in the information is one of which he could be convicted only upon indictment, and that the justice did not have jurisdiction to try and determine said accusation, and that the judgment and order entered by him are therefore void. The proceeding was under section 11, Chap. 143, Acts of the Twentieth General Assembly. The section, so far as it relates to the offense of which plaintiff was accused, is as follows:

2. ——:
jurisdiction: information
or instruction: measure of penalty: imprisonment in default of fine and costs: liquor. law.

"No person shall own or keep, or be in any way concerned, engaged, or employed in owning or keeping, any intoxicating

liquors, with intent to sell the same within this state, or to permit the same to be sold therein, in violation of the provisions hereof, and any person who shall so own or keep, or be concerned, engaged, or employed in owning or keeping, such liquors, with any such intent, shall be deemed, for the first offense, guilty of a misdemeanor, and, on conviction for said first offense, shall pay a fine of not less than fifty nor more than one hundred dollars, and costs of prosecution, and shall stand committed to the county jail until such fine and costs are paid, and, in default of such fine and costs, he shall not be entitled to the benefits of chapter 47, title 25, of the Code, until he shall have been imprisoned sixty days."

The position of counsel is that, under this section, a punishment may be imposed for the offense of which plaintiff was accused, which is in excess of the jurisdiction of a justice of the peace, as the same is defined by section 11, article 1, of the constitution of the state. This section is as follows:

"All offenses less than felony, and in which the punishment does not exceed a fine of $100, or imprisonment for thirty days, shall be tried summarily before a justice of the peace, or other officer authorized by law, on information under oath, without indictment or the intervention of a grand jury, saving to the defendant the right of appeal; and no person shall be held to answer for any higher criminal offense, unless on presentment or indictment by a grand jury."

Under the section of the statute quoted above, a fine of not less than fifty nor more than one hundred dollars is to be imposed on the defendant on conviction, and the costs of the proceedings are to be taxed against him, and he is to stand committed to the county jail until such fine and costs are paid; and he cannot avail himself of the benefits of the statute, which provides for the liberation, on certain specified conditions, of defendants who have been committed for the non-payment of fines imposed upon them, (Code, § 4611,) until he has been imprisoned sixty days. And the claim is that the costs which are taxed against the

defendant, and the imprisonment to which he is subjected in case of default in the payment of the fine and costs, constitute part of the punishment for the offense, and hence that he can be held to answer therefor only on indictment.

But we think this claim is not well founded. The costs which, under the statute, may be taxed to the defendant, are such as accrue in the proceeding for its enforcement against him. These costs are merely incidental to the proceeding. They are collected for the compensation of the public officers who render services in the cause, and the witnesses who give testimony in it. But they in no proper sense pertain to the penalty which may be imposed on the defendant by the judgment of the court, by way of punishment for his violation of the statute. The sum which may be exacted from him as punishment for his criminal misconduct is that definite and certain sum called a fine, which the court is empowered by the statute to impose upon him. That is the sum which he is compelled to pay to the state as the penalty of its violated law, and the costs are exacted as a mere incident of the proceeding, to enforce that penalty against him, and for the purpose of compensating those who render services in that proceeding.

The power to tax the cost of the prosecution against the defendant exists independently of the statute in question. It has been the uniform practice of the courts of this state, in criminal cases, on the conviction of the defendant, to tax the costs of the prosecution to him; and the power to do this is not questioned. The only effect of the statute, then, on the powers of the courts with reference to the taxation of costs, is to empower them to commit the defendant in case of his refusal to pay such costs as may be taxed against him. The provision with reference to the imprisonment of the defendant is, that he " shall stand committed until such fine and costs are paid." This does not empower the court to imprison him in punishment for his offense.

The provision in the judgment for his commitment is con-

ditional and contingent.   It can only be enforced in case of his refusal to perform the pecuniary judgment against him. Its office, like that of the provision for execution in civil judgments, is to afford the means for the enforcement of the judgment.   The imprisonment is not imposed in lieu of the fine.   Neither does it operate to satisfy the judgment for the fine and costs, however long it may be continued.   See *The State v. Jordan*, 39 Iowa, 387; *The State v. Anwerda*, 40 Id., 151.   The conclusion that the only punishment prescribed by the statute for the offense of which defendant was accused is the fine which the court is empowered to impose, follows necessarily, we think, from the terms of the statute, and this view is well sustained by the authorities:   *Brown v. The People*, 19 Ills., 613; *Exparte Bollig*, 31 Id., 88; *Commonwealth v. Carr*, 11 Gray, 463; *Commonwealth v. Burns*, 14 Id., 35; *Estep v. Lacy*, 35 Iowa, 419; *Re Sweatman*, 1 Cowen, 144; *Kane v. The People*, 8 Wend., 203.

We think, therefore, that the order of the learned district judge is correct, and it is

AFFIRMED.