STATE OF IOWA, Appellant, v. BRUCE BELLE.

Costs can not be apportioned in a criminal cause though defendant be
3    convicted of a mere assault, on an indictment for murder.

Practice. Both state and county may appeal from an erroneous taxa-
1    tion of costs in a criminal cause.

Practice in Supreme Court. The supreme court may, on appeal
2    by the state from an apportionment of costs in a criminal cause, tax
     all the costs to defendant.

*Appeal from Keokuk District Court.*—HON. A. R.
DEWEY, Judge.

FRIDAY, OCTOBER 19, 1894.

THE defendant was indicted in the district court of Keokuk county, Iowa, for the crime of murder, and, upon trial, was found guilty "of an assault as charged in the indictment." Judgment was entered as follows: "It is therefore ordered and adjudicated by the court that the defendant, Bruce Belle, pay a fine of fifteen dollars and costs of this prosecution to the extent of fifty dollars, and, in default of the payment thereof, an execution issue therefor; and the state of Iowa excepts; and the remainder of costs, taxed at five hundred and fifty-one dollars and ninety-five hundredths, to be paid by Keokuk county and the state of Iowa; and the defendant excepts. * * * The plaintiff excepts to the taxing of any part of the costs to it or to Keokuk county, Iowa." The state of Iowa and Keokuk county moved the court to retax the costs, to the amount of the sum taxed to them herein, to the defendant, upon the grounds that the law does not permit an apportionment of costs in criminal cases, and that, the defendant having been found guilty, the plaintiff is entitled to judgment for the whole costs of this cause. This

motion was overruled, to which the state excepted, and the state and county appealed.—*Reversed.*

*John Y. Stone*, attorney general, and *D. K. Stockman*, county attorney, for plaintiff appellant.

*C. H. Mackey* and *Mohland & Hamilton* for defendant appellee.

GIVEN, J.—I. Defendant contends that this court has no jurisdiction to determine the question raised on this appeal, for the reason that the appeal is not from a final judgment. It is argued that the only judgment was that defendant pay a fine of fifteen dollars and fifty dollars of the costs; that the error complained of is in overruling the motion to retax the costs, which was after the trial and judgment; and that no judgment was rendered against the state or county. *State v. Rainsbarger*, 74 Iowa, 540, 38 N. W. Rep. 403, fully answers this contention. In that case separate appeals were taken by the state and county from a judgment overruling their motion to retax costs in that criminal prosecution. The court says: "The state, being the plaintiff in the case wherein the erroneous taxation of costs was made, may appeal therefrom; and the county, being charged with the costs, may also appeal."

Defendant cites section 4539 of the Code, and contends that in no event can this court determine that the lower court should have rendered a judgment against defendant for all the costs of the case, and that no change can now be made so as to have them taxed against the defendant as a part of the judgment in the case. Said section 4539 provides that, on an appeal by the state, this court can not reverse or modify the judgment so as to increase the punishment. In *Albertson v. Kriechbaum*, 65 Iowa, 17, 21 N. W. Rep. 178, it is said: "The costs are clearly incidental to the proceedings. They are collected for the compensation

of the public officers who rendered services in the cause, and the witnesses who gave testimony to it. But they in no proper sense pertain to the penalty which may be imposed on the defendant by the judgment of the court by way of punishment for his violation of the statute. The sum which may be exacted from him as punishment for his criminal misconduct is that definite and certain sum called a fine, which the court is empowered by the statute to impose upon him." The case against the defendant was not at an end when judgment was entered against him, but was open to motion by either party to retax costs.

II. In *Albertson v. Kriechbaum, supra*, it is said: "It has been the uniform practice of the courts of this state, in criminal cases, on the conviction of the defendant, to tax the costs of the prosecution to him; and the power to do this is not questioned." We know of no exceptions to this rule either in the statute or practice of this state. Sections 2933 and 2934 of the Code provide for apportionment of costs as follows: "Costs shall be recovered by the successful against the losing party. But where the party is successful as to a part of his demand, and fails as to part, unless the case is otherwise provided for, the court may, on rendering judgment, make an equitable apportionment of costs." "In actions where there are several plaintiffs or several defendants, the costs shall be apportioned according to the several judgments rendered; and where there are several causes of action embraced in the same petition, or several issues, plaintiff shall recover costs upon the issues determined in his favor, and defendant shall recover costs upon the issues determined in his favor." It seems to us clear from the language of these sections that they do not apply to criminal prosecutions. In criminal prosecutions the party is successful as to all or as to no part of his demand, the demand upon the one hand being guilty, and upon the other,

innocent. Though there may be several defendants and several judgments, there can be but one plaintiff; and, where there are several defendants and several judgments, the costs follow the judgment without apportionment. There can not be several causes of action or several issues in prosecutions for murder. Except in cases of compound offenses, or those under the act for the suppression of intemperance, "the indictment must charge but one offense." *Id.*, section 4300. In this case the indictment charges the crime of murder, of which crime assault is the lowest degree, and the one issue was guilty or not guilty of the charge. While we think it entirely clear from the language of these sections that they were not intended to apply to criminal prosecutions, yet, if they did, this case is not within their provisions, as none of the conditions existed under which a court is authorized to apportion costs.

Our conclusion is that the court erred in making the order it did as to the payment of costs, and in overruling the motion to retax the costs. The case will be remanded, and judgment entered against the defendant, Bruce Belle, for all the costs of the prosecution. REVERSED.