HAYES & SCHUYLER, Appellants, v. CLINTON COUNTY, Appellee.

Action to Recover Costs: TAXATION OF: JUDGMENT: RIGHT TO RECOVER. In a criminal prosecution followed by conviction, the costs, as a matter of law, are to be taxed against defendant, and where the clerk makes an entry in the judgment docket of such costs, the county is entitled to recover the same, under the provisions of the Code relating to the taxation of costs, even though no formal judgment therefor has been entered.

Same: ASSIGNMENT OF COSTS: COUNTERCLAIM BY COUNTY: Where the costs of prosecution were originally taxed against defendant, but on appeal the amount of his printing was retaxed against the county, and the attorneys for defendant brought suit to recover the same in their own name on a written assignment to them of whatever costs might be recovered on appeal, made after the appeal was determined, even though so made pursuant to an oral agreement had prior to appeal, such demand was subject to counterclaim by the county for the costs due it.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

FRIDAY, DECEMBER 19, 1902.

ONE Petersen having been convicted of a felony in the district court of Clinton county, a judgment of imprisonment in the penitentiary was entered against him by said court, and there was taxed to him by the clerk of said court the costs of the trial, amounting to $478. It is conceded that the record entry of judgment contained no reference to the matter of costs. The clerk, however, at the time of recording the judgment, made an entry in the judgment docket in his office as follows: "Judgment against defendant for imprisonment and costs, $478.00." The figures here given represent simply the total costs taxed. An appeal was taken to this court, resulting in a modification of the judgment of the district court, a reduction being made in the term of imprisonment imposed; and in conncetion therewith it was ordered by this court "that the county of Clinton pay the costs of · appellant's printing, taxed at $302." The plaintiffs are practicing attorneys, and appeared for said Petersen, both in the district court and on his appeal in this court. This action is brought to recover of the defendant county said sum of $302, plaintiffs claiming to be entitled to the same by virtue of an assignment from said Petersen. The facts in reference to such alleged assignment are that shortly after the notice of appeal was served, and bond given, an arrangement was entered into between plaintiffs and said Petersen which was as follows (quoting the language of the senior member of the plaintiff firm as a witness at the trial in the court below, and the same being all the testimony given upon the subject): "When he came into the office, we made this agreement: that he was to pay a certain amount of money to the firm of Hayes & Schuyler for taking the case to the supreme court, and we were to pay all the expenses incident to the appeal, and were to own and have back, and be entitled under our agreeement with him to all expenditures incident to the appeal to which

he might be entitled in case of success.  I could not tell him what the costs would be.   The appeal was prosecuted in that way,—under that agreement."   Also, after the determination of the appeal, and on April 26, 1900, a writing was signed by said Petersen and delivered to plaintiffs as follows: "Whereas, by arrangement with Hayes & Schuyler, my attorneys in this cause, they paid for the printing incident to the presentation of this cause to the supreme court, and are entitled to whatever costs accrued or came to me through the modification of the judgment in said cause, and to effectuate their said claim, I hereby sell, assign, transfer, and set over to them the claim against Clinton county for the costs aforesaid, taxed as against said Clinton county, and authorize its payment to, and collection by them,"—which writing was indorsed, "The State of Iowa vs. Frank Petersen," and on the day of its date filed in said cause in this court.   It appears that there was paid out by appellants, as the expense incident to said appeal, the sum of $320, of which the sum of $278 was for costs of printing.   Thereafter plaintiffs presented to and filed with the board of supervisors of said county a verified bill for said sum of $302, and the same was by said board rejected.   This action was thereupon brought to recover said sum.   The defendant county pleaded as an offset and counterclaim the judgment rendered against said Petersen for the costs of the trial in the district court, the date of such judgment being May 23, 1899.   There was a trial to the court, and judgment in favor of the defendant, dismissing the petition, and for costs.   The plaintiffs appeal.—*Affirmed.*

*A. L. Schuyler* for appellants.

*C. H. George* for appellee.

BISHOP, J.—It is contended by appellants that no legal judgment for costs was ever rendered against Petersen

by the district court of Clinton county, and that in

I. TAXATION of costs: judgment for: right to recover.

consequence thereof the costs of the trial in that court cannot be resorted to as a set-off or counterclaim to defeat a recovery by appellants in this action. The question is thus presented as to the necessity for a reference in the record entry to the matter of costs as a basis for taxation of the same by the clerk. That the amount of costs, as entered by the clerk in the judgment docket in his office, were actually incurred and made on the trial of said cause, is not questioned. That the provisions of the general chapter of the Code relating to costs, and the taxation thereof, govern in criminal as well as civil cases, is conceded. Section 3853 provides that costs shall be recovered by the successful against the losing party; and by section 3862 it is made the duty of the clerk to tax in favor of the party recovering costs the allowance of his witness fees, the fees of officers, etc. These provisions of the statute are mandatory in character. No refusal to act in accordance therewith is allowable, and there can be no departure from the course plainly marked out by the statute. In a criminal case, there being but the simple issue of guilt or innocence on the part of the defendant, there is no authority even for an apportionment of the costs as between the state and the defendant. *State v. Belle*, 92 Iowa, 258.

By section 288 of the Code the clerk is required to keep a book in his office containing the abstract of the judgments, the name of the parties, the date and amount of the judgment and costs, and to be known as the "Judgment Docket." That such a book was kept, and that the costs made in the Petersen case were entered therein in detail by the clerk of the district court, is not a subject of dispute. Whether such action on the part of the clerk constituted, in law, the rendition of a judgment against the defendant, such as that the same could be enforced by execution, we are not called upon to determine in this

case.  Certain it is that, when judgment was pronounced
and entered, the county became *eo instanti* entitled to
recover from the defendant the amount of the costs made
in the case, not as a part of the judgment fixing his pun-
ishment, but as a mere incident thereto, and by force of
the statutory provisions to which we have called attention.
We hold, therefore, that it is sufficient for the purposes of
this case that the county held such unpaid claim against
said Petersen, and as of date of the judgment against him.

II.   It is clear that, had this suit been brought by
Petersen, there could have been no recovery, in view of the
counterclaim or set-off presented by the defendant county.

2. SAME: assignment of costs: counterclaim by county. The question we are called upon to determine,
therefore, is whether the appellants may re-
cover notwithstanding the fact that, under
the circumstances presented, no recovery could have been
had by Petersen.   It is admitted that appellants were ad-
vised of all the facts connected with the proceedings in the
district court.   Now, it will be observed that the claim in
favor of Petersen against the county arose under the order
of this court made April 11, 1900.   The written assign-
ment of such claim to appellants bears date April 26, 1900.
In the absence of any other facts, the case could at once
be disposed of, under the provisions of section 3461 of the
Code, which provides that "the assignment of a thing in
action shall be without prejudice to any counterclaim,
defense or cause of action, whether matured or not, if
matured when pleaded, existing in favor of the defendant
and against the assignor before notice of the assignment."
The claim in favor of the county being in existence at the
time the claim in favor of Petersen arose, the rights of the
parties became fixed at once upon the latter claim coming
into existence, and no assignment thereafter by either
party could affect the rights of the other.   But it is claimed
that the right of appellants had its origin at the time of
the making of the oral arrangement to which we have made

reference, and that the written assignment was intended simply to effectuate the right acquired under such oral arrangement.

We do not think that the claim thus made has any merit. In the first place, the arrangement was not entered into until after the demand due the county had its origin, and, but for the appeal, might have been enforced. In any event, however, it is manifest that an arrangement such as is contended for could have no other effect than to create the simple relation of debtor and creditor, as money might thereafter be advanced from time to time for the purpose of perfecting and submitting the appeal. It seems to us that there is neither reason nor authority for saying that such an arrangement could have the effect of an assignment of a claim or demand not yet in existence, and which must of necessity be dependent wholly upon a reversal or modification of the judgment appealed from, and a consequent taxation of the costs of the appeal, or some portion thereof, in favor of the appellants. There being no property rights then *in esse*, and there being nothing in the conditions present to warrant the expectation that any such right would accrue in the future, save the hope that reversible error or ground for modification might be found in the record of the court appealed from, we are clearly of the opinion that there is nothing upon which to base the claim that appellants acquired any tangible right in the sum of money afterwards awarded to Petersen by the order of this court, by reason of the verbal understanding or agreement shown by the evidence. We think that whatever rights the appellants have must be held to date from the time of the written assignment.

Such being the case, it follows that the judgment of the court below was right, and it is AFFIRMED.