ISAAC FORBES, Plaintiff, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Defendant.

**Attorney and client:** CONTRACT OF EMPLOYMENT: EXPENSES: COST.
1 The term costs as applied to litigation signifies the legal charges allowed a party to the action for his expenses in conducting the suit. Under this rule a contract employing attorneys to conduct

a suit for a percentage of the amount recovered, not however requiring them to pay any costs, does not authorize them to retain a sum from the amount recovered, exclusive of their pro rata share, to pay the expenses of a third party in looking up the testimony.

Same: IMPLIED AUTHORITY OF ATTORNEY: PAROL EVIDENCE. Under an ordinary contract of employment an attorney has implied authority to incur reasonable expenses in conducting his client's case, unless the question of such expense is covered by the contract; and if the contract is silent with reference thereto, parol evidence is admissible to show who is chargeable with the expenses incident to the suit.

Same: SPECIAL PROCEEDING: REVIEW. A motion to require an attorney to pay over money collected for his client is a special proceeding not triable de novo, and a finding substantially supported by the evidence will be sustained on appeal.

Same: EXPENSE OF SUIT: ALLOWANCE TO ATTORNEY. In this proceeding to require an attorney to turn over money to his client withheld by him to pay expenses of the suit, it is held that a showing of inability on the part of the client to look up the testimony for his case, and proof of expenditure reasonably incurred by the attorney in that respect, made a *prima facie* case for the allowance to the attorney of such expenses.

*Appeal from Wapello District Court.*—HON. D. M. ANDERSON, Judge.

THURSDAY, FEBRUARY 9, 1911.

THIS is an appeal from a ruling on a motion filed in the above-entitled case to require plaintiff's attorneys to turn over to the administrator of Isaac Forbes, deceased, certain money collected by them as such attorneys from the defendant railway company. The trial court denied the motion, and the administrator appeals. *Affirmed.*

*T. P. Bence,* for appellant.

*A. W. Enoch,* for appellee.

Deemer, J.—Plaintiff, who is now deceased, was injured through the negligence of the defendant railway company. Messrs. Jaques & Jaques, attorneys at law, sought employment to conduct a suit against the defendant, and as a result entered into a contract to prosecute such action. This contract, so far as material, reads as follows:

That whereas recently the said Isaac Forbes sustained certain personal injuries by a fall from a train on the C., R. I. & P. Ry., as he claims, from the negligence of said company, causing him serious damages, for which he desires suit instituted against said company, and that said suit be instituted by the party of the first part, now it is agreed by the said Jaques & Jaques that they will undertake to institute and prosecute said suit to its end in all the courts through which it may go, using their best care and ability in the prosecution of the same, for which services and agreement said party of the second part agrees to pay to the said party of the first part forty percent part of the amount that may be recovered in said suit, whether by reason of judgment being entered therein or by reason of a compromise thereof. It is distinctly understood that if there is no recovery by suit or compromise, then said attorneys are to receive nothing for their services. And further that they do not agree or undertake to pay any part of the costs connected with said cause. Dated September, 1905. Attest: Jaques & Jaques. Isaac (his X mark) Forbes. Witness: J. B. Box.

Pursuant to this agreement, Jaques & Jaques commenced a suit against the company and carried it to a successful termination, not only in the district court, but also on appeal to this court. See 135 Iowa, 679. Thereafter they collected the judgment obtained, which amounted, with interest, to $2,234.72. Of this amount the attorneys retained forty percent or $893.88, and from the balance of $1,340.84 they deducted the sum of $100, being an amount they claim to have paid one Eddy for looking up testimony, examining witnesses, and getting the case ready for trial.

1. Attorney and client: contract of employment: expenses: costs.

The remainder they turned over to one Swinney, adminis-trator of plaintiff's estate, he (plaintiff) having died after the judgment was obtained. The motion filed in this case was on the part of the administrator to compel the attorneys to turn over to him the $100 retained by them. The attorneys claim that they were and are entitled to the amount retained as a reasonable expense in the conduct of the suit, that it was necessary because of the condition of their client to secure someone to look up the testimony, and that by virtue of the contract they were authorized to do this, and to deduct the amount from the part of the recovery going to their client. Going to the contract, we find nothing expressly authorizing such an·expense unless it be that.part referring to costs. This term has a well defined meaning. It signifies the sums prescribed by law as charged for the services enumerated in the fee bill. *Apperson v. Ins. Co.*, 38 N. J. Law, 388; *Neher v. Crawford,* 10 N. M. 725 (65 Pac. 156). Or, as said by one court, they are the statutory allowance to a party to an action for his expenses in conducting the suit. *Bennett v. Kroth,* 37 Kan., 235 (15 Pac. 221, 1 Am. St. Rep. 248). The clause in the contract referring to this matter was evidently inserted to relieve the attorneys from liability for the taxable costs and to save the contract from the charge of being champertous. We do not think it sufficient in itself to justify the retention of the money.

The attorneys contend, however, that they had implied authority to employ someone to look up testimony, and to charge the reasonable expense thereof to their client, 2. SAME: implied authority of attorney: parol evidence. and that this implication is strengthened in this case by the surrounding facts and circumstances. It is, no doubt, true that under an ordinary contract of employment an attorney has implied authority to incur reasonable expenses in conducting his client's case, although not expressly authorized to charge his client with the amount thereof. *Ohlquest v. Farwell,*

71 Iowa, 231; *Vilas v. Bundy*, 106 Wis. 168 (81 N. W. 812). Of course, the contract between client and lawyer may limit this authority, and the parties may agree as to who shall pay such expenses, and, if the contract is silent with reference thereto and no attempt is made therein to cover the matter, parol testimony may be received upon the matter.

We have gone to the testimony upon this subject to see if there is enough to justify the order of the trial court. This is a special proceeding not triable *de novo,* and if there be any substantial testimony in support of the finding it must be sustained. There is a sharp conflict in the testimony regarding what took place at Forbes' house when the contract was entered into, and the trial court was justified in finding that the attorneys did not expressly undertake to look up the testimony. Moreover, the trial judge may have found that Forbes, who after the accident was confined to his bed and never was able to leave it, also, requested Eddy to look up the testimony for him, and that it was understood he was acting for Forbes, although looking to the attorneys for his compensation, for the reason that Forbes was impecunious. It is not for us to find the exact facts with reference to these matters, for the case is not triable *de novo.* Our duty is done when we find substantial support for the conclusion of the trial court insofar as it is based upon an issue of fact. The written agreement is not such as to exclude parol testimony with reference to who should look up the testimony in the case.

3. Same: special proceeding: review.

Again, without any other showing than inability of the client to look up the testimony and proof of expenditures reasonably incurred by an attorney in order to ascertain the witnesses, look up the testimony, and assist during trial, we think a *prima facie* case is made out for the allowance of such expenditures. The authorities seem to sustain this proposi-

4. Same: expenses of suit: allowance to attorney.

tion. *Vilas v. Bundy, supra; Barcus v. Gates* (C. C.), 130 Fed. 364.

The order of the trial court must be, and it is, *affirmed*.