CITY OF OTTUMWA, plaintiff, v. HEINRICH C. TAYLOR, Judge of the Second Judicial District, defendant.

No. 49848.

(Reported in 102 N.W.2d 376)

April 5, 1960.

Bailey C. Webber and Herman J. Schaefer, both of Ottumwa, for plaintiff.

Jones, White & Johnson, of Ottumwa, for defendant.

Garfield, J.—This certiorari action instituted in this court presents the question whether defendant-judge of the district court exceeded "his proper jurisdiction or otherwise acted illegally", within the meaning of rule 306, Rules of Civil Procedure, in allowing to the condemnee in eminent domain pro-

ceedings fees of $1325 and expenses of $43.40 for expert witnesses as part of "all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court," under section 472.33, Code, 1958. We hold defendant acted illegally in the sense here used in making the allowances.

The City of Ottumwa instituted condemnation proceedings to take three tracts of land, with total area of about 100 acres, owned by one Stoessel. The condemnation commission fixed compensation of $12,515 for two of the tracts with total area of about 94 acres. Trial on appeal to the district court by Stoessel resulted in jury verdict of $18,858. Stoessel then filed Application for Allowance of Attorney Fees and Costs under section 472.33, Code, 1958. Total amount claimed aside from attorney fees was $5450 consisting mostly of fees for expert appraisers and a geologist employed by Stoessel's attorneys in preparing for trial of the appeal and testifying in court. Stoessel had advised his attorneys that sand, gravel and limestone deposits constituted an important element of damage.

After a hearing on the application defendant allowed Stoessel $300 for each of two expert appraisers in preparing to testify and testifying upon the appeal, at $75 per day for four days, together with auto mileage at seven cents per mile. He also allowed $600 for a geologist who bored three holes at least 40 feet deep in the land, together with $75 for one day's attendance as a witness at the trial, plus mileage at seven cents per mile. There was an allowance too of $50 for an engineer who was consulted in preparing for trial of the appeal but who did not testify. From these amounts any expert witness fees or mileage previously taxed were to be deducted.

The City filed motion to reconsider the allowances on about the same grounds it urges here but the motion was denied. This certiorari action followed.

The allowances above made were in addition to fees allowed Stoessel's attorneys of $2400 for preparation and $2637.50 for trial of the appeal, which took 12 days, plus expenses incurred by them of $262. The City does not challenge these allowances to the attorneys of about $5300. A total of $10,632 was claimed by the attorneys for their services.

Defendant thought and it is argued here section 472.33, Code, 1958, authorizes the allowances plaintiff claims are illegal. It provides: "The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken."

Defendant reasoned it was not necessary to provide for payment of "all costs occasioned by the appeal" unless payment of something more than ordinary court costs was intended since another statute, presumably section 625.1, provides they shall be recovered by the successful against the losing party. Defendant also thought the language just quoted from 472.33 includes expenses reasonably necessary in preparation and trial of the appeal and, if not, the owner would not receive the just compensation due him under Article I, section 18, of our State Constitution.

■ At common law court costs were not allowed under that name. They are now taxable only to the extent provided by statute. Such statutes are generally strictly construed as in derogation of the common law. Keller v. Harrison, 151 Iowa 320, 332, 128 N.W. 851, 131 N.W. 53, Ann. Cas. 1913A 300; State Line Democrat v. Keosauqua Independent, 161 Iowa 566, 569, 143 N.W. 409; Commissioners of Lincoln Park v. Schmidt, 395 Ill. 316, 69 N.E.2d 869, 872; 20 C. J. S., Costs, sections 2, 3a; 14 Am. Jur., Costs, sections 5, 8. See also State, by Burnquist v. Miller Home Development, Inc., 243 Minn. 1, 65 N.W.2d 900, 903, 50 A. L. R.2d 1377; City of Brooklyn v. Long Island Water-Supply Co., 148 N. Y. 107, 42 N.E. 413 (from which defendant's ruling here quotes).

■ Neither attorney fees nor such expenses as are now in controversy are embraced within the term "just compensation" for land taken by eminent domain. Welton v. Iowa State Highway Comm., 211 Iowa 625, 640, 641, 233 N.W. 876; Dohany v. Rogers, 281 U. S. 362, 368, 50 S. Ct. 299, 74 L. Ed. 904, 911, 68 A. L. R. 434, 440; Department of Conservation v. Connor, 316 Mich. 565, 25 N.W.2d 619, 625; North America Realty Co. v. City of Milwaukee, 189 Wis. 585, 208 N.W. 489 (point-

ing out that Stolze v. Milwaukee & L. W. R. Co., 113 Wis. 44, 88 N.W. 919, 90 Am. St. Rep. 833, cited in defendant's ruling here, involved only costs ordinarily taxable); 30 C. J. S., Eminent Domain, section 386a. See also State, by Burnquist v. Miller Home Development, Inc., supra, 243 Minn. 1, 65 N.W.2d 900, 904, 50 A. L. R.2d 1377.

We disagree with defendant's view that "all costs occasioned by the appeal" as used in 472.33 includes *all* expenses reasonably necessary in *preparation and* trial of the appeal. "Costs" has a well-defined legal meaning although frequently stated in somewhat different language. It includes the sums ordinarily taxable for expense incurred in an action as provided by statute. It does not include such allowances as are now in controversy. Forbes v. Chicago, R. I. & P. Ry. Co., 150 Iowa 177, 179, 180, 129 N.W. 810, Ann. Cas. 1912D 311; Keller v. Harrison, supra, 151 Iowa 320, 332, 128 N.W. 851, 131 N.W. 53, Ann. Cas. 1913A 300; Turner v. Zip Motors, Inc., 245 Iowa 1091, 1100, 65 N.W.2d 427, 432, 45 A. L. R.2d 1174; City of Los Angeles v. Vickers, 81 Cal. App. 737, 254 P. 687, 688; In re Goodridge's Estate, 137 Maine 13, 14 A.2d 501, 502; City of St. Louis v. Meintz, 107 Mo. 611, 18 S.W. 30 (cited with approval in Keller v. Harrison, supra); In re South Schenectady-Mariaville State Highway, 174 Misc. 1089, 23 N. Y. S.2d 819, 820; In re City of Pittsburgh, 243 Pa. 392, 90 A. 329, 52 L. R. A., N. S., 262. See also In re Petition of Detroit Edison Co., 350 Mich. 606, 87 N.W.2d 126, 127–129.

The Forbes case, supra, holds "costs" does not include $100 paid "for looking up testimony, examining witnesses, and getting the case ready for trial." Keller v. Harrison, supra: "It is elementary that attorney's fees and expenses of travel of a party, save on subpoena, are not taxable costs * * *." Substantially all authorities agree attorney fees are not taxable as costs unless specifically authorized by statute. Keeney v. Iowa Power and Light Co., 250 Iowa 887, 889, 96 N.W.2d 918, 920, and citations; Turner v. Zip Motors, Inc., supra; Tomten v. Thomas, 125 Mont. 159, 232 P.2d 723, 26 A. L. R.2d 1285, and annotation, 1295, 1296, 1297.

Defendant cites an impressive list of decisions from other jurisdictions as supporting the allowances in question. Except for Dade County v. Brigham, Fla., 47 So.2d 602, 18 A. L. R.2d 1221, all are based on statutes broader than ours authorizing the allowances. The Brigham case, based on statutory and constitutional provisions like ours, has been interpreted as holding merely "the allowance or disallowance of fees of expert witnesses * * * for the property owner at the trial of a condemnation case is a matter for the trial judge to decide in each instance in the exercise of a sound judicial discretion." Seban v. Dade County, Fla., 102 So.2d 706, 708.

An earlier Florida decision, Inland Waterway Development Co. v. City of Jacksonville, 38 So.2d 676, 678, affirmed a disallowance to the condemnee of the cost of expert witnesses, the opinion saying, "As to the cost of expert witnesses, the rule generally approved is that the condemnor is not required to pay such costs beyond the amount allowed by law as per diem for ordinary witnesses * * *." The Brigham opinion, by a court divided 4-to-3, in disposing of the Inland Waterway decision, states: "We do not believe that the holding * * * is necessarily or inevitably controlling." (Page 603 of 47 So.2d)

The only precedent the Brigham case cites as supporting it is In re Water Supply in City of New York, 125 App. Div. 219, 220, 109 N. Y. S. 652, 653, 654, where the applicable statute provided the commissioners " 'shall also recommend such sums as shall seem to them proper to be allowed to the parties or attorneys appearing before them, as costs, counsel fees, expenses and disbursements, including reasonable compensation for witnesses.' " Of this provision the Water Supply opinion says, "No one would seriously question that here was ample authority for the payment of the costs, counsel fees, expenses and disbursements, including the reasonable compensation for witnesses. No one does question it upon this appeal." The difference between the charter provision in the New York case and our section 472.33 is obvious.

We must decline to follow Dade County v. Brigham, supra.

While property owners are of course entitled to just compensation for what is taken from them by eminent domain,

other litigants who seek redress for what is taken from them in various ways are also entitled to just compensation. Yet the prevailing party seldom recoups his total expenses. No good reason is apparent why condemnees in eminent domain proceedings should be reimbursed for such expense as was here allowed while other successful litigants must themselves bear similar expense. State, by Burnquist v. Miller Home Development, Inc., supra, 243 Minn. 1, 65 N.W.2d 900, 904, 50 A. L. R.2d 1377, and citation; North America Realty Co. v. City of Milwaukee, supra, 185 Wis. 585, 208 N.W. 489.

We are also unable to agree with defendant's view that the provision of 472.33 for payment of "all costs occasioned by the appeal" was unnecessary unless payment of something more than ordinary court costs was intended, on the theory that section 625.1 sufficiently provides for allowance of ordinary costs. It states "Costs shall be recovered by the successful against the losing party."

Section 625.1 is a general statute applicable to all types of actions. Section 472.33 is a special statute which applies only to costs in condemnation appeals. The legislature may well have been in doubt whether 625.1 applies to condemnation appeals and if so in just what manner and hence thought it necessary or wise to enact 472.33. Section 625.1 is the earlier enactment.

Decisions do not agree as to who is the successful party and who the losing one for the purpose of taxing costs in condemnation appeals. One view is that the successful party is the one who obtains a result upon appeal more favorable to him than that from which the appeal is taken. This is the view embodied in 472.33. But nothing in 625.1 states who is the successful and who the losing party in such appeals. There are precedents to the effect that if the owner recovers even a reduced allowance upon appeal he is the prevailing party. According to some decisions the matter depends at least in part upon which party takes the appeal. 30 C. J. S., Eminent Domain, section 384; 18 Am. Jur., Eminent Domain, section 378. See also annotation, 50 A. L. R.2d 1386.

■ The provision of 472.33, heretofore quoted, is "The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless * * *." It is only reasonable attorney fees that are to be taxed by the court. The express mention of attorney fees implies the exclusion of other expense as taxable by the court. State v. Flack, 251 Iowa 529, 533, 101 N.W.2d 535, 538, and citations; Dotson v. City of Ames, 251 Iowa 467, 472, 101 N.W.2d 711, 714.

Under defendant's construction of 472.33 fees of the landowner's attorneys would be included within "all costs occasioned by the appeal." Certainly an attorney's services are as necessary in preparation and trial of an appeal as those of expert appraisers, a geologist and an engineer. If the language just quoted were broad enough to include attorney fees, the clause with reference thereto, added by way of amendment to the statute, would be surplusage which effected no change in the law. Our interpretation of this statute gives effect to the clause pertaining to attorney fees.

■ ■ A cardinal rule of statutory construction is that if reasonably possible effect should be given every part of a statute. Ashby v. School Township of Liberty, 250 Iowa 1201, 1214, 98 N.W.2d 848, 858, and citations. Also, change in the language of a statute usually indicates an intent to change its meaning. State v. Flack, supra, 251 Iowa 529, 533, 101 N.W.2d 535, 538, and citations.

Except for the added clause regarding taxation of attorney fees, what is now 472.33 first appeared in about its present form as section 1252, Code of 1873. So far as our Reports disclose, no one has before contended it is broad enough to authorize such allowances as plaintiff challenges here. If the legislature intends to grant such authority it must do so in clearer language than that in 472.33.

Nothing herein is intended to cast doubt on the propriety of taxing expert witness fees under Code section 622.72 in condemnation appeals. If the additional compensation is to be increased beyond the maximum therein fixed, the legislature must provide for such increase.

It is contended for defendant certiorari will not lie since, it is said, the most the City may claim is that he acted erroneously rather than illegally. We cannot accept this contention. Section 472.33 is the only law relied upon as authority for the challenged allowances. We have held it does not authorize them. They must be deemed illegal within the meaning of rule 306, R. C. P., not merely erroneous. If plaintiff were challenging by certiorari, rather than appeal, as excessive or an abuse of discretion the taxation of attorney fees, defendant's argument as to the proper mode of review would have merit.

See in support of our conclusion certiorari will lie: Knott v. Rawlings, 250 Iowa 892, 898, 96 N.W.2d 900, 903; Miller v. Palo Alto Board of Supervisors, 248 Iowa 1132, 1137–1139, 84 N.W.2d 38, 41, 42; State v. District Court, 248 Iowa 250, 80 N.W.2d 555, and citations. See also Hohl v. Board of Education of Poweshiek County, 250 Iowa 502, 94 N.W.2d 787; Reter v. Davenport, R. I. & N. W. Ry. Co., 243 Iowa 1112, 1124, 1125, 54 N.W.2d 863, 870, 35 A. L. R.2d 1306; Dallas v. Dallas, 222 Iowa 42, 268 N.W. 516.

Insofar as defendant's ruling, order and judgment of February 26, 1959, in cause entitled Albert T. Stoessel v. City of Ottumwa, Iowa, allows $300 and mileage each for Robert L. Beal and Roy R. Fisher, Jr., $675 and mileage for Wayne W. Williams and $50 for Jerry Burns, it is annulled and the writ of certiorari is sustained.—Writ sustained; order and judgment annulled.

All JUSTICES concur except OLIVER, J., not sitting.