CITY OF CEDAR RAPIDS, Iowa and League of Iowa Municipalities, Appellants,

v.

LINN COUNTY, Iowa, Merle Kopel, as Auditor of Linn County, Iowa, and Kenneth Perry, Jr., as Clerk of Court of Linn County, Iowa, Appellees.

No. 61191.

Supreme Court of Iowa.

June 28, 1978.

David F. McGuire, City Atty., and William F. Sueppel, of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellants.

Judith W. Redmond, Asst. County Atty., for appellees.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The question in this declaratory judgment appeal is whether cities can be taxed with court costs when ordinance prosecutions result in acquittal or dismissal. Plaintiffs City of Cedar Rapids and League of Iowa Municipalities sought a declaratory judgment that cities cannot be taxed with costs in those circumstances. Defendants Linn County, Merle Kopel, county auditor, and Kenneth Perry, Jr., clerk of court, obtained a contrary ruling on their motion for adjudication of law points (from Ford, J.) and then were awarded summary judgment (by Swailes, J.) on their motion based on the adjudication. We reverse and remand.

Under plaintiffs' theory, a city's contribution to the operation of the unified trial court is limited to remitting ten percent of all fines and forfeited bail to the county treasurer in accordance with § 602.55, The Code. Defendants contend a city must also pay court costs to the county when ordinance prosecutions fail.

The parties agree on the governing principles. At common law court costs were not allowed under that name. The general rule now is that they are taxable only to the extent provided by statute. *City of Ottumwa v. Taylor*, 251 Iowa 618, 621, 102 N.W.2d 376, 378 (1960). This rule is applicable to taxing costs against municipal corporations in ordinance prosecutions. 9 McQuillin, Municipal Corporations, § 27.43 at 712 and 1977 Supp. at 117 (1964) ("It has often been held that in the absence of statute providing therefor, costs cannot be taxed against municipality in cases for violations of ordinances, no matter whether the case is decided against it or not, or whether the ordinance is held valid or invalid."); 20 Am.Jur.2d Costs § 34 at 29 ("In the absence of statutory authorization a municipal corporation may not be held liable for costs in a proceeding to enforce an ordinance; nor may it be held liable for costs in an action to recover a penalty for violation of an ordinance."); 62 C.J.S. Municipal Corporations § 381 at 726 ("In proceedings for violation of municipal ordinances, there is no liability for, or right to, costs in the absence of statutory authorization * * *.").

Municipal liability for costs has been rejected in a number of cases from other

jurisdictions because of lack of statutory authorization. See *City of Miami v. Gilbert*, 102 So.2d 818 (Fla.App.1959); *Gross Distributing Company v. City of Shelbyville*, 447 S.W.2d 46 (Ky.1969); *State ex rel. Clarke v. Wilder*, 197 Mo. 27, 94 S.W. 499 (1906); *City of Greenfield v. Farmer*, 195 Mo.App. 209, 190 S.W. 406 (Mo.App.1916); *State v. Henley*, 98 Tenn. 665, 41 S.W. 352 (1897); *City of Milwaukee v. Leschke*, 57 Wis.2d 159, 203 N.W.2d 669 (1973).

■ Defendants assert § 625.1, The Code, is authority for taxing costs against cities when ordinance prosecutions fail. It provides, "Costs shall be recovered by the successful against the losing party." It originally included the authority for apportioning costs which is § 625.3 in the present Code. See § 1811, The Code 1851. The section was divided in 1923 but was not otherwise changed. See Acts 40 G.A. ch. 269, §§ 1 and 2.

This provision was enacted in 1851 with other statutes governing procedure in civil trials. In the Revision of 1860 it was reenacted as part of the code of civil practice. See § 3449, Revision of 1860. Nothing in its subsequent history has extended its applicability to criminal cases.

In the only case before today in which the issue was raised the court held the statute did not apply in criminal prosecutions. In *State v. Belle*, 92 Iowa 258, 60 N.W. 525 (1894), the State appealed a judgment ordering apportionment of costs in a criminal case in which a defendant charged with murder had been convicted of a lesser offense. Present Code §§ 625.1 and 625.3 appeared in the 1873 Code as § 2933. Present Code § 625.4 was § 2934 in the 1873 Code. The question was whether these sections authorized apportionment of costs in a criminal case. In holding they did not, the court said, "It seems to us clear from the language of these sections that they do not apply to criminal prosecutions." See 92 Iowa at 260, 60 N.W. at 526. This was the basis of the decision even though the court said it could have been predicated on a narrower ground. The court remanded for entry of judgment for all costs against the defendant.

Therefore, the legislative history and the only prior case in which the issue was presented support the position of plaintiffs that § 625.1 provides authority for taxing costs in civil cases only.

Defendants rely for a contrary result upon *Hayes & Schuyler v. Clinton County*, 118 Iowa 569, 92 N.W. 860 (1902). The issue there was whether the absence of any reference to costs in a record entry of judgment precluded the clerk from taxing them to a defendant who had been convicted and sentenced on a felony charge. The court held costs did not have to be mentioned in the judgment entry for them to be taxable. The provision which is now § 625.1 appeared in the Code of 1897 as § 3853. The court in dictum said, "That the provisions of the general chapter of the Code relating to costs, and the taxation thereof, govern in criminal as well as civil cases, is conceded." Section 3853 was part of the code of civil practice in the 1897 Code. Although the court's dictum apparently reflected an assumption of the parties in the case, it has no basis in legislative history, is contrary to the holding in *State v. Belle*, supra, and is incorrect as a statement of law.

In reality the costs in *Hayes* were taxable under the provisions of § 296, The Code, 1897, which prescribed fees chargeable by the clerk of the district court and included a provision allowing the clerk to charge and receive the following:

In criminal cases, and in all causes in which the state or county is a party plaintiff, the same fees for same services as in suits between private parties. *When judgment is rendered against the defendant, the fees shall be collected from such defendant.* Where the state fails, the clerk's fees shall be paid by the county. (Emphasis supplied).

The dictum in *Hayes* may be responsible for defendants' reliance on a subsequent statement in *City of Ottumwa v. Taylor*, 251 Iowa 618, 624, 102 N.W.2d 376, 379 (1960), that "Section 625.1 is a general statute applicable to all types of actions." The *City of Ottumwa* case involved an issue concerning whether expert witness fees and expenses were taxable costs in condemna-

tion proceedings, and the reference to § 625.1 was made in the context of civil actions. In view of the legislative history, we believe the statement must be limited to that context.

This belief is unaffected by language in *Woodbury County v. Anderson*, 164 N.W.2d 129 (Iowa 1969), also cited by defendants. In that case this court held no statutory authority existed for taxing court-appointed attorney fees as part of court costs. During the course of the opinion the court observed that such costs would not be taxable under the provisions of either § 625.1 or 625.14. See 164 N.W.2d at 133. This observation does not constitute a holding that § 625.1 governs taxation of costs in criminal cases.

One statute in the present Code which imposes liability for fees on a city when an ordinance prosecution fails is § 622.73(2). It makes the city liable for witness fees and mileage "upon a written statement of the clerk or a judicial officer showing the amount due." However, this provision is not general authority for charging a city with court costs. In fact it may have been enacted because of the absence of such general authority.

Most ordinance prosecutions occur before judicial magistrates. See § 602.60, The Code. Costs in those proceedings are controlled by § 602.63 which provides in relevant part:

> All costs in criminal cases shall be assessed and distributed as in chapter 606, except that the cost of filing and docketing of a complaint or information for a nonindictable misdemeanor shall be five dollars which shall be distributed pursuant to section 602.55.

The relevant provision of chapter 606 is § 606.15(27) which requires the district court clerk to charge and collect for the county in criminal cases "the same fees for same services as in suits between private parties." The provision adds:

> When judgment is rendered against the defendant, the fees shall be collected from such defendant.

The origin of this statute is § 430, Revision of 1860. See also § 2531, The Code, 1851.

Although this provision is authority for charging a defendant with court costs when an ordinance prosecution is successful, it does not purport to make costs chargeable to the city when the prosecution fails. Cf. § 762.34, The Code (authorizing taxation of costs against a prosecuting witness in certain circumstances).

We find no statutory authority for charging a city with court costs when an ordinance prosecution terminates in acquittal or dismissal. Because statutory authority must exist before costs can be charged, the trial court erred in entering summary judgment for defendants. The case is reversed and remanded for further proceedings consistent with this holding.

REVERSED AND REMANDED.