**In the Matter of the CITY OF DES MOINES and Approximately 1,000 Parking Tickets, Appellee,**

v.

**STATE of Iowa, ex rel. CLERK OF COURT, Appellant.**

No. 89–206.

Supreme Court of Iowa.

Dec. 20, 1989.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Kathy Mace Skinner, Asst. Atty. Gen., for appellant.

Mary A. Laughlin, Asst. City Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

SCHULTZ, Justice.

In this appeal we must decide whether the city of Des Moines (City) may be assessed court costs after it has voluntarily dismissed the charges on overtime parking tickets filed with the clerk of the district court (clerk), an officer of the State of Iowa. Upon dismissal, the clerk taxed the City court costs in the amount of eight dollars per ticket. Acting upon a motion by the City, the district associate judge ordered the clerk to reassess such costs so that no costs would be due on those cases where the defendant had never appeared. As the district associate judge acted as

magistrate, the State appealed to the district court. *See* Iowa Code § 602.6306(4) (1987); Iowa R.Crim.P. 54(3). The district court judge affirmed the ruling of the district associate judge and ordered the clerk not to assess court costs in these cases. As we disagree with this result, we reverse.

The factual scenario was presented by the City's motion to dismiss and by the agreement of the parties. The parties agree that this case involves over 1,000 delinquent, overtime parking tickets which are more than fourteen months old. No action has occurred in each case other than the City, as prosecutor, filing the ticket and later dismissing the charge.

In its ruling on appeal, the district court more specifically described the factual background as follows:

The facts are not in dispute. The City of Des Moines has by ordinance regulated the parking of motor vehicles. When violations of these ordinances are discovered, tickets are written and placed under the windshield wiper of the vehicle. The ticket notifies the driver that payment of a five dollar ($5.00) fine at City Hall will satisfy the City; however, if the fine is not paid court action will follow. Those tickets which have not been paid are routinely filed with the Polk County Clerk of Court. No fee is required to be paid at this point. If a trial is held court costs, including a filing fee, are assessed against the losing party. Many cases do not proceed to trial because the defendant does not appear, enters no denial of guilt and apparently cannot be located or prosecuted. The tickets involved in this appeal are of that nature.

The general rule is that the court costs are only taxable to the extent provided by statute. *City of Cedar Rapids v. Linn County*, 267 N.W.2d 673, 673 (Iowa 1978) (citing *City of Ottumwa v. Taylor*, 251 Iowa 618, 621, 102 N.W.2d 376, 378 (1960)). In *City of Cedar Rapids*, we held that cities were not liable for court costs when a prosecution, pursuant to an ordinance, resulted in an acquittal or dismissal, because there was no statutory authority for such an assessment. 267 N.W.2d at 675. Con-

sequently, we must examine the statutes in effect when the charges on these tickets were dismissed in 1988 to determine whether there is statutory authority for the taxation of costs.

Since our holding in *City of Cedar Rapids*, the legislature has enacted new provisions concerning the assessment of costs in parking ticket cases. 1985 Iowa Acts ch. 186, § 10141 (initially codified at Iowa Code § 815.13 (Supp.1983); presently codified with additional amendments at § 815.13 (1987)) (providing for the payment of city and county prosecution costs); 1985 Iowa Acts ch. 197, §§ 40, 41 (codified at Iowa Code section 805.6(1)(a), (c)(1)(2)(3) (1987)) and 1986 Iowa Acts ch. 1238, § 31 (codified at Iowa Code section 805.6(1)(a) (1987)) (both providing for taxation of costs in parking violation cases); 1986 Iowa Acts ch. 1238, § 14 (codified at Iowa Code section 321.236(1) (1987)) (providing a means for the assessment of court costs in overtime parking cases). As the parties do not agree as to the effect of these legislative changes, we examine these provisions in turn to determine whether statutory authority now exists for the assessment of costs against the City when it voluntarily dismisses an action before trial where the defendant has never appeared.

Section 815.13 (1987) is entitled *Payment of Prosecution Costs* and provides in part:

The ... city ... shall pay ... in criminal actions prosecuted by the ... city under ... city ordinance the fees that are payable to the clerk of the district court for services rendered and the *court costs taxed in connection with the trial* of the action or appeals from the judgment.... The ... city shall pay witness fees and mileage in trials of criminal actions prosecuted by the ... city under ... city ordinance. These fees and costs are recoverable by the ... city from the defendant *unless the defendant is found not guilty or the action is dismissed*, in which case the state shall pay the witness fees and mileage in cases prosecuted under state law.

(Emphasis added.)

■ In its trial brief the City contends that "prosecution costs" cannot be as-

sessed without a trial, because there has been no prosecution. We think there has been a prosecution when the ticket has been filed. Prosecution for a simple misdemeanor is commenced by the filing of a complaint with the district court clerk. Iowa R.Crim.P. 35. The prosecution of a parking ticket is similarly commenced by the filing of the ticket with the clerk.

The emphasized language in this section demonstrates the uncertainty surrounding the assessment of costs following a dismissal. The phrase "court costs taxed in connection with the trial" indicates that a city was only responsible for costs when a trial occurred. This is the City's position. On the other hand, this section allows a city the right to recover costs from a defendant "unless the defendant is found not guilty or the action is dismissed." From this language it could be inferred that a city was responsible for costs when an action was dismissed. Due to this ambiguity, we must construe the language of this section. We first examine other pertinent provisions.

Section 321.236 generally provides that local authorities, such as the City, have the power to enact ordinances concerning motor vehicles as long as they do not conflict with Iowa Code chapter 321. Prior to 1986 this section[1] provided two methods of collecting a fine based on whether the fine was admitted or denied. No provision was made for the payment of court costs.

As we indicated, the legislature in 1986 amended section 321.236(1)[2] and section 805.6(1)(a)[3] to address the assessment of

court costs. No change was made in the "notice of fine" portion of section 321.-236(1)(a).

Although the amended sections 321.236 and 805.6(1) speak to the assessment of court costs, the authority of the clerk when a pretrial dismissal occurs is uncertain. The parties disagree as to the meaning of the language used in these sections and the intent and purpose of the amendment. We find it unnecessary to discuss these disagreements as another principle of statutory construction provides the answer to our inquiry.

■ Statutory construction is properly invoked when statutes contain such ambiguities or obscurities that reasonable minds may disagree or be uncertain as to their meaning. *Janson v. Fulton*, 162 N.W.2d 438, 442–43 (Iowa 1968). We conclude that the application of rules of statutory construction is appropriate in this case.

■ Familiar principles guide us. In our interpretation of relevant sections, the manifest intent of the legislature prevails over the literal import of the words used. *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983). In ascertaining that intent, we consider the objects sought to be accomplished along with the evils sought to be remedied. *Id.* We will seek a reasonable interpretation which will best effect the purpose of the statute and avoid an absurd result. *Id.*

---

1. Section 321.236 (1985) provided in pertinent part:

   [T]he provisions of this chapter shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from:
   1. Regulating the standing or parking of vehicles.
   Parking meter violations which are denied shall be charged and proceed before a court the same as other traffic violations. Parking violations which are admitted:
   a. May be charged and collected upon a simple notice of a fine not exceeding five dollars payable to the city clerk or clerk of the district court, if authorized by ordinance. No costs or other charges shall be assessed.

2. Section 321.236(1) (1987) provides in pertinent part:
   1. Regulating the standing or parking of vehicles.
   Parking meter and overtime parking violations which are denied shall be charged and proceed before a court the same as other traffic violations and court costs shall be assessed as provided in section 805.6 subsection 1, paragraph "a" for parking violation cases.

3. Section 805.6(1)(a) (1987) provides in pertinent part:
   The court costs in cases of parking violations which are denied, and charged and collected pursuant to section 321.236, subsection 1, are eight dollars per court appearance, regardless of the number of parking violations considered at that court appearance.

The prevailing issue is whether the legislature, by its enactment of sections 815.13 (1987), 321.236(1) (1987) and 805.6(1)(a) (1987), gave authority to the clerk to assess the court costs in question. It is proper to consider the pertinent provisions together in attempt to harmonize them. *Office of Consumer Advocate v. Iowa State Commerce Comm'n,* 376 N.W.2d 878, 881 (Iowa 1985).

In 1988 a bill was introduced in the legislature which provided that "court costs in cases of parking violations which are dismissed by a city more than fourteen months after the violation shall be waived." H.F. 2428, 72d G.A., 2d Sess. § 2 (Iowa 1988). By an amendment filed March 29, 1988, the Senate struck the language which would have waived court costs and inserted the following:

> Notwithstanding section 805.6, subsection 1, paragraph "a", court costs in cases of parking violations which are more than one year old and which are dismissed by the city prior to January 1, 1989, shall be five dollars.

S–5635, 72d G.A., 2d Sess. (Iowa 1988). This amendment was adopted and became effective July 1, 1988. 1988 Iowa Acts ch. 1258, § 4. (codified as a note to Iowa Code section 805.6 (1989)). Stated simply, the legislature said that the court costs of a dismissed case are eight dollars, but the city would get a bargain rate of five dollars for cases it dismissed before the new year. If there was any doubt as to the previous meaning of these sections, the legislature has removed them. "[W]hen the legislation appears to have been passed to remove doubt from previous legislation, the courts should give effect to that purpose." *Willis v. City of Des Moines,* 357 N.W.2d 567, 572 (Iowa 1984) (citing *Barnett v. Durant Community School Dist.,* 249 N.W.2d 626, 629 (Iowa 1977)). While the primary purpose of chapter 1258, section four, was to reduce the court costs of cases dismissed by a city, this amendment also indicates that the legislature recognized that by its prior legislation, it intended that court costs be assessed against a city on dismissed cases. We give effect to that intent.

Furthermore, it only seems reasonable that the legislature intended that one branch of government should have to pay for the services they voluntarily imposed upon another branch of government. The state government deposits ten percent of the collected fines in the court revenue distribution account established under Iowa Code 602.8108 (1987). The State receives no revenue, however, when a case is dismissed and no fine is collected, unless court costs can be assessed.

We believe that it would work an unreasonable result if court costs could not be assessed when charges are dismissed. The City would have no incentive to exercise discretion in filing these five dollar parking tickets, if they were not ultimately responsible for the court costs of those that they decided to dismiss. It seems more sensible for the City to screen the cases before deciding to file them.

■ In summary, we conclude that the clerk of court has authority to assess court costs against the City on the dismissed cases in question. Consequently, we hold that the district court erred in affirming the district associate judge. We also conclude that the clerk should only assess a single court "cost" even if a violator has more than one parking violation. We do not believe that the City should be assessed greater costs than the violator would have been assessed under section 805.6(1)(a).

We therefore reverse the judgment of the district court.

REVERSED.